## Jefferson County Fiscal Court v. Jefferson County ex rel. County Attorney et al.

(Decided Dec. 21, 1934.)

(As Modified on Rehearing Jan. 29, 1935.)

508

GORDON, LAURENT, OGDEN & GALPHIN for appellant.

LAWRENCE S. GRAUMAN for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The General Assembly, at its regular 1934 session, changed the fiscal year of the counties to begin July 1st and end June 30th of each year. Chapter 151, Session Acts 1934. The act provided that the current fiscal year which .otherwise would expire on December 31, 1934, should end on June 30, 1934. It was further provided that all reports required by law or otherwise made "and all budgets, appropriations, and tax levies by any county, shall be made with reference to specific fiscal years as herein defined or fractions thereof." There was also enacted a separate county budget law to apply to the new period which not only set up the system of fiscal affairs and accounting, but contained restrictions upon the anticipation of revenues. Chapter 24, Session Acts 1934.

Under the general laws and practices, tax levies have heretofore been made to care for fiscal years

coinciding with calendar years. The intent of the new act is that taxes should be levied on the new basis. Taxes throughout the state had been levied and were in course of collection for the calendar-fiscal year' of 1934. That included, as subsequently developed, the first six months of the new fiscal year, July 1, 1934, to June 30, 1935. The result is that taxes have already been levied for that six months but not for the last period, so there must be a levy made to cover that period in order to prevent a hiatus in the current stream of revenue flowing into the treasuries. A complicated and difficult situation has resulted.

The commissioners of Jefferson county, in endeavoring to meet the situation, entered an order on December 10, 1934, reciting that before the effective date of the new act they, as the fiscal court, for the current fiscal year 1934, had prepared a budget and had made appropriations therefore out of the surplus brought over from the calendar or fiscal year 1933 and the anticipated revenues to be derived principally from ad valorem taxes based upon the assessment of July 1, 1933, and had made levies for 1934 of certain rates upon different classes of property. Referring to the acts of 1934, changing the fiscal year and establishing a new budget system, the commissioners construed the new legislation as making no provision for revenues for the last six months of the fiscal year beginning July 1, 1934. It was declared that the amount of available revenues under the levies already made would be inadequate to meet the necessary expenses of the county for the eighteen-month period from January 1, 1934 to June 30, 1935, including payment of outstanding indebtedness for money borrowed in anticipation of the revenues, all of which estimates were duly set forth. The commissioners considered that for the purpose of meeting these expenses, there was available for anticipation the taxes which would be received from the assessment of July 1, 1934, collectible beginning in March, 1935. Therefore, they amended the budget and appropriations by increasing the amounts to provide for the six months' additional period and declared that the fiscal court anticipated the taxes to be derived from that assessment. The county judge and county treasurer were authorized to borrow $50,000 to meet expenses of January, 1935.

The order was appealed to the circuit court and a declaration of rights in the premises was asked. The judgment approved the validity of the order amending the budget and appropriations so as to extend them over the last six months of this new fiscal year, that is, January 1, 1935, to June 30, 1935, but set aside the rest of it. The circuit court held in effect that the fiscal court during the fiscal year beginning July 1, 1934, had power to make levies within the constitutional limitations, based upon the assessment of July 1, 1933, to be collected at the same time as collections for 1935 taxes, to provide current revenues for the entire fiscal year July 1, 1934, to June 30, 1935, and when such levies had been made, then the revenue might be anticipated.

The situation is made complex not only by reason of the absence of specific legislation, but other factors which must necessarily be regarded—constitutional, statutory, and economic. After a full consideration, we state our conclusions which are to be regarded as a declaration of rights.

1. The fiscal court was authorized to amend its former budget and appropriations or to make new ones for the six months, January 1, 1935, to June 30, 1935.

2. If funds are not otherwise available, as from a surplus carried over, the fiscal court is authorized to make necessary levies to provide revenues for the fiscal year, 1934-1935, to meet expenses for the last half of that fiscal year, based upon the assessment of July 1, 1934, and collectible along with the taxes for the fiscal year 1935-36, which will become delinquent on March 1, 1936.

3. Provided such levies shall not exceed one-half of the levies that could be legally made for a full year, and provided further that nothing in this opinion shall be construed to authorize the levy of taxes for any fiscal year subsequent to the fiscal year 1934-35 based on any assesments other than as of July 1st of the year previous to the beginning of the fiscal year in question, or to authorize the extension of the time when the taxes for such subsequent year shall become due and payable beyond March 1st after the assessment date.

4. The counties may anticipate in whole or in part the revenue provided by the levy and/or collection

of these taxes. However, in the event any county should fail to make an actual levy, nevertheless any indebtedness which may, in any manner, be created by it within the limits of its budget restrictions and within the limits of the revenues which could have been derived from the levy hereinabove authorized, will constitute valid indebtedness of the county. If at the end of the fiscal period ending June 30, 1935, a deficit should exist on account of proper budget expenditures during that period and on account of the failure of any county to levy a tax to provide for such expenditures, in the manner and to the extent hereinabove authorized, such indebtedness must be carried as a debt to the next year and taken account of as an indebtedness of that year, unless it shall be funded as authorized by law.

This construction of the law seems to have been the intention of the Legislature, since the act of 1934 provides that tax levies shall be made with reference to fractions of fiscal years, as therein defined, as well as to entire years.

In 1922, the Legislature (chapter 51, Session Acts) changed the fiscal year of the counties from July 1st to June 30th, so that it would correspond with the calendar year, and specifically provided that the fiscal year which would otherwise end June 30, 1922, should be extended so that it ended December 31, 1922. The result was that the counties had to pay eighteen months' expenses out of twelve months' revenue and the taxpayers were at that time saved the equivalent of six months taxes. As we understand, this condition threw some counties in debt and greatly increased the existing indebtedness of others. By now making new levies for the six months' period, restoration will result. There will be no double taxation for different periods are involved.

The judgment not being wholly in accord with these conclusions, it is reversed.

Whole court sitting.