## Ward v. Adams, Sheriff.

(Decided April 16, 1935.)

W. J. WARD for appellant.

WHEELER & WHEELER for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On January 9, 1935, the fiscal court of Johnson county adopted an order levying a tax of 25 cents on each $100 worth of property subject to local taxation in Johnson county and a capitation tax of 75 cents on all male residents of the county. The levy was made on the assessment of July 1, 1933, and was intended to meet the situation created by the act of the General Assembly at its regular 1934 session in changing the fiscal year of the counties so as to begin July 1 instead of January 1 of each year. Chapter 150, Acts of 1934. The act provided that the current fiscal year should end on June 30, 1934.

Prior to the effective date of the act, the Johnson fiscal court had made a levy for the then fiscal year which was the calendar year of 1934. As a result of the change of the fiscal year, there was no provision for revenues for the six-month period beginning January 1, 1935. The levy made on January 9, 1935, was for the purpose of raising such revenues. In its order the fiscal court directed the clerk to make out the tax bills as soon as practicable and turn them over to the sheriff for collection and the sheriff was directed to collect the taxes when the regular 1934 levy was collected. The order allowed the taxpayers a 2 per cent. discount on all taxes paid on or before April 15, 1935.

The appellant, Edgar Ward, suing for himself and all other taxpayers of Johnson county, brought this

action against Fred Adams, sheriff of Johnson county, to enjoin him from collecting the taxes on the ground that the levy was void. A special judge sat in the case and he overruled the plaintiff's motion for an injunction and dismissed his petition. The judgment recites that a written opinion was delivered, but it has not been made a part of the record.

It is argued on this appeal that the levy is void because when added to the levy previously made it exceeds the rate prescribed by section 157 of the Constitution. This question was decided adversely to appellant's contention in Jefferson County Fiscal Court v. Jefferson County, 257 Ky. 507, 78 S. W. (2d) 324, 325. The previous levy was for the calendar year 1934, then the fiscal year. The special levy made on January 9, 1935, was for an entirely different period which happens to be the last six months of the new fiscal year beginning July 1, 1934, created by the act of 1934.

The fiscal court of Johnson county had authority to make a levy to provide revenues to meet the expenses of the county for the last half of the fiscal year 1934-35, but it erred in basing the levy upon the assessment of July 1, 1933. In Jefferson County Fiscal Court v. Jefferson County, supra, we held that the levy must be based upon the assessment of July 1, 1934. In that case the fiscal court of Jefferson county had made a levy for the last six months of the fiscal year beginning July 1, 1934, based upon the assessment of July 1, 1933, and in stating our conclusions on this point we said:

"If funds are not otherwise available, as from a surplus carried over, the fiscal court is authorized to make necessary levies to provide revenues for the fiscal year, 1934-35, to meet expenses for the last half of that fiscal year, based upon the assessment of July 1, 1934, and collectible along with the taxes for the fiscal year, 1935-36, which will become delinquent on March 1, 1936."

It appears that the amount of property assessed for taxation in Johnson county on July 1, 1933, is $1,000,000 less than the amount assessed on July 1, 1934, and it is suggested that appellant and the other taxpayers of the county will not be prejudiced by basing the levy on the 1933 assessment rather than on the 1934 assessment. The argument is unsound since the tax

list varies from year to year and many who listed property for taxation on July 1, 1933, owned no property on July 1, 1934, and, further, under the order adopted by the fiscal court, all taxpayers would be required to pay their taxes immediately, whereas under the opinion in the case of Jefferson County Fiscal Court v. Jefferson County, supra, the taxes for the last half of the fiscal year 1934-35 based upon the assessment of July 1, 1934, are collectible along with taxes for the fiscal year 1935-36 which will become delinquent on March 1, 1936.

We think the circuit court erred in overruling appellant's motion for an injunction and dismissing his petition, and the judgment is reversed with directions to grant the injunction prayed for in the petition.