## Hewlett v. Hopkins County.

### (Decided June 19, 1936.)

CHARLES G. FRANKLIN for appellant.

J. T. GOOCH for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Hopkins circuit court sitting in equity. By chapter 151 of the Acts of 1934, the General Assembly changed the fiscal year of counties from the calendar year to a period from July 1st in one year to June 30th in the succeeding year. The result of this change was to create a hiatus for which there was apparently no statutory provision to take care of the levy and collection of taxes. In the case of Jefferson County Fiscal Court v. Jefferson County, 257 Ky. 507, 78 S. W. (2d) 324, 325, this court made a declaration of rights and undertook to point out various methods by which the fiscal authorities of the counties might lawfully take care of the extraordinary situation resulting from the change in the law. After pointing out that the counties might make levies based on the assessment as of July 1, 1934, to cover this additional six-month period, we said:

> "However, in the event any county should fail to make an actual levy, nevertheless any indebtedness which may, in any manner, be created by it within the limits of its budget restrictions and within the limits of the revenues which could have been derived from the levy hereinabove authorized, will

constitute valid indebtedness of the county. If at the end of the fiscal period ending June 30, 1935, a deficit should exist on account of proper budget expenditures during that period and on account of the failure of any county to levy a tax to provide for such expenditures, in the manner and to the extent hereinabove authorized, such indebtedness must be carried as a debt to the next year and taken account of as an indebtedness of that year, unless it shall be funded as authorized by law."

No tax was levied by Hopkins county to cover the six-month hiatus, and there is a resulting valid outstanding indebtedness of $48,000, represented by interest-bearing warrants, and a similar floating indebtedness of $12,000 resulting from delinquencies in tax payments below the anticipated revenue for 1933, 1934, and 1935, including interest charges, making a total floating indebtedness of $60,000. This proceeding is before us under sections 186c-6 and 186c-7 of the Kentucky Statutes (1933 Supplement) for the purpose of securing our approval of a proposed issue of $60,-000 in refunding 4½ per cent. bonds to liquidate the floating indebtedness of the county over a period of fifteen years. To the credit of the officials of the county, it may be said in passing that the record indicates that this is the first time that the county has been unable to meet its obligations out of current revenues and is confronted with a floating indebtedness. The county's auditor filed an itemized list of all the outstanding claims against the county, and their validity was established by the testimony of the county judge. It was likewise established that no constitutional inhibition has been violated in the creation of the debt sought to be refunded, that it is within the limits prescribed, and that the officials have had due regard for the finances of the county during the time in which the indebtedness was created.

The rule announced in Jefferson County Fiscal Court v. Jefferson County, supra, clearly recognizes the validity of the procedure followed by the county in this case, and it follows that the floating debt is a valid one. It likewise follows that the indebtedness may be refunded in the manner which is here proposed.

Coil v. Ham, 260 Ky. 650, 86 S. W. (2d) 529, and cases there cited.

Judgment affirmed.