## Rose v. Owen County.
(Decided Dec. 4, 1936.)

H. W. ALEXANDER for appellant.

EDWARD DUVALL for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Owen circuit court sitting in equity, wherein it approved the issuance of refunding bonds in the amount of $20,000 for the purpose of liquidating the floating indebtedness of the county. It was shown by the testimony of the county judge, and by a certified list of the specific outstanding claims, that a valid floating indebtedness in the amount of $19,624.68 existed against the county, and that the interest on this amount to the date of the proposed issuance of bonds brought the total to an amount slightly in excess of $20,000. It was likewise shown that this indebtedness was within constitutional limitations and arose principally from the change in the fiscal year of counties from the calendar year to a period from July 1st in one year to June 30th in the succeeding year by chapter 151 of the Acts of 1934. Jefferson County Fiscal Court v. Jefferson County, 257 Ky. 507, 78 S. W. (2d) 324; Hewlett v. Hopkins County, 265 Ky. 41, 95 S. W. (2d) 1118. It is argued that the county is without authority to predicate a budgetary expenditure in the year 1935 upon anticipated revenues which were not received during the six months' hiatus resulting from the change in the fiscal year. This question has been set at rest by the decision in Jefferson County Fiscal Court v. Jefferson County, supra.

It is also argued that section 1857 of the Statutes shows an intention on the part of the Legislature to confine the refunding of county indebtedness to those kinds of debts only which are mentioned in that section of the Statutes. Counsel quite frankly admits that so to decide at this late date would necessitate the overruling of numerous decisions wherein this court has approved refunding bond issues covering debts not specifically mentioned in section 1857. Aside from this, it is obvious that the Legislature has contemplated the

issuance of bonds of the character here involved by section 186c-6 et seq. of the Statutes. We conclude, therefore, that the indebtedness to be refinanced is valid and the proposed method of funding unobjectionable.

Judgment affirmed.