## Johnson v. Middleton, County Judge, et al.

(Decided March 25, 1932.)

C. C. GRASSHAM for appellant.

H. WARREN MIDDLETON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

E. B. Johnson, a citizen and taxpayer of McCracken county, brought this suit against W. A. Middleton, county judge, and G. R. Davis and others, county commissioners, to enjoin a bond issue of $185,000. The chancellor upheld the validity of the bonds and denied the relief prayed. Johnson appeals.

The chancellor found that the indebtedness which it was proposed to fund was a valid floating indebtedness of the county. That being true, it has to be paid at all hazards, and the substitution of bonds therefor does not add to the indebtedness, but merely changes its form. Therefore, under the repeated decisions of this court, the debt

may be funded by a bond issue without a vote of the people. Vaughn v. City of Corbin, 217 Ky. 521, 289 S. W. 1104; City of Covington v. O. F. Moore Co., 218 Ky. 102, 290 S. W. 1066; Wilson v. City of Covington, 220 Ky. 795-798, 295 S. W. 1069; Welch v. Nicholasville, 225 Ky. 312, 8 S. W. (2d) 400; Wilson v. Board of Education, 226 Ky. 476, 11 S. W. (2d) 143; Masonic Home v. City of Corbin, 229 Ky. 375, 17 S..W. (2d) 215; City of Frankfort v. Fuss, 235 Ky. 143, 29 S. W. (2d) 603; Hogan v. Lee Fiscal Court, 235 Ky. 100, 29 S. W. (2d) 611; Pike County v. Day and Night National Bank, 236 Ky. 202, 32 S. W. (2d) 969; Elliott v. Fiscal Court of Pike County, 237 Ky. 797, 36 S. W. (2d) 619; Hall v. Fleming County Fiscal Court, 239 Ky. 425, 39 S. W. (2d) 656; Davis v. City of Newport, 239 Ky. 610, 40 S. W. (2d) 281; Pace v. City of Paducah, 241 Ky. 569, 44 S. W. (2d) 574; Bond v. City of Corbin, 241 Ky. 663, 44 S. W. (2d) 576.

Section 1857, Kentucky Statutes, reads in part as follows: "That power and authority is hereby granted to the court of claims or fiscal court of the several counties of this commonwealth owing money or debts contracted in the construction, repair or building or remodeling of any courthouse, jail or other public building, or bridges or turnpikes, to fund such debt or any part of it, and to issue the bonds of such county for the purpose of taking up and cancelling such debts; but this act shall not be so construed as to apply to the bonding of any railroad debt or any part thereof, of any county or subdivision of a county." The point is made that the foregoing is the only statutory authority for a county to issue bonds, and that it is not made clearly to appear, that the debts which it is proposed to fund were contracted in the construction, repair, building, or remodeling of the courthouse, jail, or other public buildings, or bridges, or turnpikes of the county. In the first place it is so alleged and not denied, but aside from this we have ruled that the provision of section 158 of the Constitution, "Nothing herein shall prevent the issue of renewal bonds, or bonds to fund the floating indebtedness of any city, town, county, taxing district or other municipality," is self-executing, and that a city, county, or other municipality may issue funding bonds thereunder, even though there be no specific statutory authority. Welch v. Nicholasville, supra.

Judgment affirmed.