## Randolph v. Shelby County.

(Decided Dec. 18, 1934.)

(Rehearing Denied Feb. 12, 1935.)

298

JOHN K. TODD and T. M. BEARD for appellant.

WM. H. CRUTCHER, Jr., and PETER, TABB, HEYBURN & MARSHALL and COLEMAN WRIGHT for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming in part and reversing in part.

Shelby county brought this action in the Shelby circuit court, and under the Declaratory Judgment Act

(Civ. Code Prac. sec. 639a-1 et seq.), against C. A. Randolph, a citizen and taxpayer of the county, to obtain the court's approval of a proposed bond issue of $153,-000 to take up outstanding county warrants aggregating that amount. Filed with the petition was a certified statement prepared and certified by Messrs. Cotton & Eskew, showing the assessments and outstanding indebtedness of the county from 1924 to June 30, 1934, and the receipts and disbursements for the same period, together with a recapitulation of receipts and disbursements of county revenue funds, including the sinking fund, and a statement showing the purposes for which the interest-bearing warrants outstanding were issued. By agreement of the parties, the petition and exhibits filed therewith were read as evidence on the trial of the case. After the defendant's demurrer to the petition had been overruled, the court adjudged that it had jurisdiction; that there was an actual controversy between the parties; that it had received complete and satisfactory evidence to enable it to pass on the merits of the action; that it had been alleged and proved that the proposed funding bonds in the principal amount of $153,000 were lawfully created and were within the constitutional limitations, and further adjudged and approved the validity of the issue. The taxpayer appeals.

The action was brought under sections 1 and 2, c. 22, Acts 1932, now sections 186c-6 and 186c-7, Kentucky Statutes, Baldwin's 1933 Supplement, reading as follows:

"186c-6. It shall be unlawful for any Fiscal Court, City Council, Board of Trustees of town and other Taxing Districts, to issue and offer to sell any bond, or obligation thereof, until the issuance thereof has been approved by a court of competent jurisdiction, declaring the same are based upon and to cover an indebtedness thereof, within the constitutional limitation of the indebtedness governing the creation of such indebtedness, and any bond sold, assigned, transferred without the approval of such court, in advance of its issuance, shall be null and void, and the same shall not thereafter, directly or indirectly assumed or paid by such county, city, municipality, or other taxing district.

"186c-7. In every action instituted for the purpose provided for in section one hereof, no bond

or obligation of any county, city, municipality or other taxing district shall be approved by the court until and unless it is alleged and proven by such county, city, municipality or other taxing district that the indebtedness thereof and for which the bond is intended to evidence, was created and was within the constitutional limitation of the indebtedness thereof, and unless and until the county, city, municipality or other taxing district, shall in appropriate pleading set forth each and every item of indebtedness, created and existing or unpaid and owing by the county, city, municipality or taxing district during the period of time in which the indebtedness was created and for which the proposed bond or bonds is intended to cover. And if it shall appear in such suit or action that the county, city or municipality or taxing district, that the officials in office at the time of the creation of such indebtedness have not had due regard for the finances of the county, city, municipality or other taxing district, during the time in which said indebtedness was created, then the court shall not have the right and power to approve such bond issue. On all disputed issues, in such action or suit, the burden of proof shall be on the county, city, municipality or taxing district.''

Formerly the burden was upon the taxpayer assailing a proposed bond issue to allege and prove facts showing its invalidity. The act in question changes the rule and puts the burden on the county or other municipality. Fox v. Boyle County, 245 Ky. 27, 53 S. W. (2d) 192; Rohde v. City of Newport, 246 Ky. 476, 55 S. W. (2d) 368, 87 A. L. R. 701. However, if the facts are presented and undisputed, it is not material which party may have pleaded them. Fox v. Boyle County, supra. The essential thing to be alleged and proved by the municipality is that the indebtedness for which the bonds are to be issued ''was created and was within the constitutional limitation of the indebtedness thereof.'' Furthermore, the municipality must in appropriate pleading set forth each and every item of indebtedness created and existing or unpaid and owing during the period of time in which the indebtedness was created, and which the proposed bonds are intended to cover. There are three cases in which bonds not exceeding the limit of indebtedness prescribed by section 158 of the Constitution may be issued: (1) When authorized by

two-thirds of the voters at an election held for that purpose. Section 157, Constitution. (2) To refund outstanding bonds legally issued. Farson, etc., Co. v. Board of Com'rs, 97 Ky. 119, 30 S. W. 17, 16 Ky. Law Rep. 856; Welch v. City of Nicholasville, 225 Ky. 312, 8 S. W. (2d) 400. (3) To refund a valid floating indebtedness, though not authorized by a vote of the people. Johnson v. Middleton, 243 Ky. 251, 47 S. W. (2d) 1030; Hall v. Fiscal Court, 239 Ky. 425, 39 S. W. (2d) 656. Of course, where the bonds are authorized by a vote of the people, or are to be issued to take up bonds theretofore authorized by a vote of the people, the only other inquiry is whether the indebtedness, together with other indebtedness of the municipality, exceeds the limitation prescribed by section 158 of the Constitution, and the burden of showing that it does not is upon the municipality. Where, however, the indebtedness had never been authorized by a vote of the people, then a municipality is without power to issue bonds therefor, unless it is valid, and the burden is on the municipality not only to allege and show that the indebtedness is within the limit prescribed by section 158 of the Constitution, but that it is not invalid under section 157 of the Constitution. Among the ways that a municipality may prove the validity of a particular indebtedness is by showing that it and its other indebtedness did not exceed the revenue and income which it provided, or might have provided, for the year under the Constitution (Hogan v. Lee Fiscal Court, 235 Ky. 100, 29 S. W. [2d] 611), or by showing that at the time the particular indebtedness was incurred, it, together with other binding obligations theretofore incurred, including necessary governmental expense, did not exceed the revenue and income which the municipality provided, or might have provided, under the Constitution. For, if an indebtedness is valid at the time it is incurred, it cannot be rendered invalid by a failure to levy up to the limit of the Constitution, or by subsequently incurring other indebtedness not indispensably necessary to the maintenance of the government, or by wrongfully applying the taxes to other purposes, or by failure to collect the taxes actually levied. Carter v. Krueger & Son, 175 Ky. 399, 194 S. W. 553; Vaughn v. City of Corbin, 217 Ky. 521, 289 S. W. 1104; City of Covington v. O. F. Moore Co., 218 Ky. 102, 290 S. W. 1066; Pace v. City of Paducah, 241 Ky. 568, 44 S. W. (2d) 574. Though the petition alleged that the indebtedness proposed to be funded was valid, the county

did not attempt to prove its validity in the foregoing ways, or any other way. All that we have is the amount of the indebtedness incurred in certain years, together with the purpose for which it was incurred, and the fact that warrants were issued therefor. Of the total, $7,169.27 represents salaries, $654 represents the expense of holding elections, and $3,101.64 the expense of maintaining the county hospital. As these items were all incurred for necessary governmental expense, there is no question as to their validity, and bonds to that amount may be issued and approved. Rohde v. City of Newport, supra; Hopkins County v. St. Bernard Coal Co., 114 Ky. 153, 70 S. W. 289, 24 Ky. Law Rep. 942.

The remaining items consist of $111,257.29 incurred during several years for road purposes, together with $16,597.03 interest thereon and $14,754.06 incurred during several years for general purposes. There being no proof that these items of indebtedness, or any portion thereof, were valid when incurred, bonds therefor cannot be approved. "However, in view of the fact that valuable rights of the public are involved, final judgment disapproving the issuance of bonds for road and general purposes will not be rendered, but the case will be remanded for the purpose of giving the county an opportunity, if it so desires, to offer evidence establishing the validity of those items of indebtedness."

Wherefore, the judgment is affirmed in part and reversed in part, and the cause remanded for proceedings not inconsistent with this opinion.

The whole court sitting.