# Randolph v. Shelby County.

(Decided May 3, 1935.)

JOHN K. TODD and T. M. BEARD for appellant.

COLEMAN WRIGHT, WILLIAM H. CRUTCHER, Jr., and PETER, HEYBURN, MARSHALL & WYATT for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is a companion case to Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961. The question involved in that case, as in this, is the validity of a proposed issue of refunding bonds, in the amount of $153,000.

In the case above cited, it was held that the county had failed to sustain the burden of proving the validity of the floating indebtedness sought to be refunded, and that under the provisions of sections 1 and 2, chapter 22, Acts 1932, now sections 186c-6 and 186c-7, Kentucky Statutes, 1933 Supplement, we could not approve the issue.

Thereafter, a suit was filed and a judgment obtained against the county for the full amount of the indebtedness sought here to be refunded. Elliott v. Fiscal Court of Pike County, 237 Ky. 797, 36 S. W. (2d) 619. This suit was then filed by the county against the appellant, asking for a declaration of rights, and there was filed with the petition a copy of the judgment sustaining the validity of the floating indebtedness. The trial court, after hearing proof, sustained the validity of the proposed issue of funding bonds, in the principal amount of $153,000, and defendant appeals.

The case is in all respects controlled by the decision of this court in Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961, with the exception alone of the question of the proof of validity of the floating indebtedness sought to be refunded. Under the decision in Elliott v. Fiscal Court of Pike County, supra, we

are of the opinion that the judgment against the county referred to above, and from which no appeal has been taken, establishes the validity of the items of indebtedness therein involved. It follows that the judgment of the trial court was correct.

Judgment affirmed.