## Coil et al. v. Ham et al.

(Decided Oct. 8, 1935.)

H. H. LOVETT and BEN B. MORRIS for appellants.

BEN S. ADAMS for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In May, 1935, Carlisle county was indebted in the sum of $41,494.45, evidenced by outstanding county warrants which had been issued by its fiscal court to various parties. Of these various warrants, A. T. Ham held one for the sum of $7,631.27 and Mrs. Nannie Anderson held one for the sum of $3,860.70; and Mr. Ham and Mrs. Anderson filed separate suits in the Carlisle circuit court to recover of the county on their respective claims, which two actions were later consolidated.

The county not having funds, or at least insufficient funds, on hand to meet its obligations, the fiscal court passed a resolution providing for the funding of its valid warrant indebtedness, which resolution it filed ·with its answer to the consolidated actions and sought to have its legal obligations determined respecting the validity of its outstanding warrants and its right to issue. and sell funding bonds in a sum sufficient to pay such legal indebtedness as may be established. With the answer was filed a· list of all outstanding• warrants, showing the date of issue, persons to whom payable, the amount of each warrant, and the budget fund against which the same was drawn. The county was operating under the county budget system.

It was established by the.evidence that at the time each of the warrants was issued, it, together with other

indebtedness of the county, did not exceed the revenue the county provided, or might have provided, for the year under the Constitution (section 157), with the exceptions of two warrants for $90 and $75, respectively, which, at the time issued, the county had exhausted its revenue for the years in which said warrants were issued, and they were excluded from those adjudged valid by the court. It is also established by the pleadings and proof that the obligations for which the warrants were issued were for expenditures that the county could legally make, and were expended in the discharge of legal obligations. Judgment was rendered by the circuit court, adjudging the remainder of the indebtedness valid, and rendered judgment in favor of Mr. Ham and Mrs. Anderson on their respective claims, and further adjudged that the county, by its fiscal court, had the right to issue and sell funding bonds with which to retire the county's valid indebtedness, and provided for the levy and collection of a tax and the creation of a sinking fund to meet the interest and maturities of the bonds. For a final determination of the rights of the parties, this appeal is prosecuted.

It is established by the proof that the county has not funds to pay the judgments rendered against it stated above, nor to pay the other outstanding warrants.

The sole question here to be determined is whether or not the county is authorized under the law to fund its outstanding valid indebtedness by the issual of the funding bonds proposed.

In the cases of Stratton v. Jessamine County, 257 Ky. 302, 77 S. W. (2d) 955, and Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961, there was presented the same question as is here presented. It was held in the cases, supra, that to authorize approval of a bond issue, the county must allege and prove that the indebtedness for which bonds are to be issued was created within the constitutional limitation of indebtedness, and must set forth every item of indebtedness created during the time which the indebtedness was created and which the proposed bonds intended to cover. Ky. Stats. Supp. 1933, secs. 186c-6, 186c-7; Const. secs. 157, 158.

The Shelby County and Jessamine County Cases

were reversed by this court on the ground that the requirements of the Statutes and Constitution had not been complied with, but those opinions set out the necessary procedure to authorize a county to issue the funding bonds in question.

Without giving time and space to further elaboration on this question, it is sufficient to say that every requirement respecting the pleadings and proof enunciated in the Shelby County and Jessamine County Cases have been complied with in the present case, and those cases are conclusive of this case.

Wherefore, the judgment is affirmed.