## Ochs v. Fiscal Court of Spencer County.

(Decided Dec. 13, 1935.)

L. W. ROSS for appellant.

THAD CHEATHAM for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

The fiscal court of Spencer county in November, 1935, adopted a resolution whereby it was manifested that between the fiscal years 1924-1925 and 1934-1935 there had accumulated an indebtedness to the extent of $20,000, with accrued interest, approximately $9,846, the debt arising because of repeated failures and delinquencies of revenue and income for the period named. To meet this contingency the court by appropriate order resolved to issue refunding bonds to the amount of $20,000, payable in twenty years, the interest to run for the whole time, but no principal amount to be due until 1945 or 1946, the bonds to bear 4¾ per cent. interest as against 6 per cent., which the warrants evidencing the above indebtedness had been and are bearing.

Appellant, suing for himself and in a representative capacity, filed his petition seeking to enjoin the carrying into effect the order mentioned, alleging that due to the fact that the assessed value of property in the county for the years 1934-1935 was about three and one-half million dollars, and that the taxes collected, plus other income, would only yield for each of these years approximately $30,000, and since these amounts had already been allocated and much of it paid out, the resolution was void as being contrary to the Constitution and statutes, which prohibits the county from becoming indebted for an amount greater than the revenue in each year. He also alleges that the annual deficit amounts and their aggregate were not indebted-

ness for governmental purposes, and that they, and the aggregate were illegally contracted, hence could not be legally met by refunding in the way proposed.

The county answered, and in a detailed manner, taking up each year involved, and alleging by statements of fact showing the legality of the debts, further alleged that the indebtedness was due entirely to a failure to collect revenues and income each year, and by records and settlements demonstrated that the county had legally anticipated revenue and income, which, if gathered, would have met the budgeted indebtedness for each of the years involved. The answer also pleaded such facts as would show that with existing indebtedness the total of the bonds being added would not exceed the limit fixed by the Constitution. It is hardly necessary to lengthen this opinion by including the mass of figures set out.

The court following the former decisions of this court placed the burden on the county as is required by sections 186c-6, 186c-7, Ky. Stats. Supp. 1933, and the county to make its case introduced the clerk of the county court, who is and was also the clerk of the fiscal court, and who had kept the records for the period in question, and he demonstrated by proof and record, that the indebtedness for which it was proposed to issue the bonds was legal, setting forth by exhibit each and every item of indebtedness covering the ten years. He also showed by records the assessed valuation of property in the county for each and every year, the amount assessed, anticipated, and actually collected, and it appeared from his testimony that the lack of necessary funds to meet the contracted obligations arose from failures and delinquencies in the revenues and incomes.

From this detailed proof, the chancellor found as a matter of fact that the debts had been legally contracted; that there had been a failure of revenue and income anticipations, and that in none of the years had the county exceeded such anticipated revenues, and on these conclusions of fact the court held as a matter of law that the obligations were valid, subsisting, and binding obligations of the county; that the sum of the warrants constituted a legal floating indebtedness; and that the issuance of refunding bonds to the amount fixed would not be in violation of sections 157 or 158

694

of the Constitution, or any other section of the Constitution or statutes. He upheld the resolution authorizing the court to issue the bonds and dismissed appellant's petition.

It is unnecessary to set out in detail the points and arguments made by appellee in brief. A reading shows that they are in the manner similar to identical arguments presented in recent cases in this court involving the same contention.

The court below seems to have followed very carefully the requirements outlined by this court in Stratton v. Jessamine County, 257 Ky. 302, 77 S. W. (2d) 955, Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961, Coil v. Ham et al., 260 Ky. 650, 86 S. W. (2d) 529, which were followed in Bartlett v. City of Winchester et al., 261 Ky. 694, 88 S. W. (2d) 700, this day decided.

Judgment affirmed.