## Bartlett v. City of Winchester et al.

(Decided Dec. 13, 1935.)

D. L. PENDLETON, J. M. STEVENSON, FRANKLIN W. STEVENSON and T. STANLEY CLAY for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is a friendly action filed in the Clark circuit court in which all parties are in sympathy with the prayer of the petition as is evidenced by there being no brief filed for appellant, Bartlett, a citizen and taxpayer of the city of Winchester, and who was made a party to the action for the purpose of representing

himself as such and all other citizens and taxpayers of the city. He demurred to the pleadings filed by plaintiff, and to those filed by the city favoring the action sought by the petition, and upon its being overruled he declined to plead further, approving the declaratory relief sought, and from it he prosecutes this appeal, both in his individual and representative capacities.

At the end of the fiscal year 1928 of the city of Winchester, it was found that the city had spent $1,000 more than the revenue it had collected for that year, and like excess of expenditures were made in each succeeding year and for this year (1935) it was estimated that the total aggregate of such annual deficits would be $47,000 plus. During the unexpired part of the year 1935 there were judgments rendered against the city for something over $18,000 growing out of failures of street assessments against abutting property owners to meet the bonds that had been issued for street improvement construction, as well as defalcations of a former city treasurer, and all of which occurred back as far as 1925. However, the city's liability therefor was not fixed until the judgment was recently rendered in the litigation growing out of such matters. The city also owed the local waterworks company $3,000, balance on account, and some other minor matters aggregating in the neighborhood of $65,000 or, perhaps, slightly more.

The legislative body of the city (commissioners) passed an ordinance providing for the issuing of bonds of the city in the aggregate amount of $60,000, it being conceived that the balance of the floating indebtedness could be taken care of by current revenues. Advertisements were made for a sale of the proposed bonds and the bid of plaintiff below and appellee, the Bankers Bond Company of Louisville, Ky., being the highest and best one offered, was accepted, it agreeing to pay par for the bonds and a premium of $651 to the city. It brought this action against the city under the provisions of chapter 22 of the session acts of 1932, now being sections 186c-6 to and including 186c-7 of the 1933 Supplement to Carroll's Kentucky Statutes. In its petition it prayed for judgment determining whether or not the proposed bond issue was valid. The defendant in the action was the city of Winchester, and it answered setting out in detail and with great particu-

larity the facts with reference to the creation of each item of indebtedness throughout the years in which it accumulated. It made its answer a cross-petition against Bartlett, a prominent citizen and taxpayer of the city, and asked that he be required to defend for the citizens of the city, both individually and for all of the others. An order was made to that effect and he appeared in such capacities by demurring to the pleadings of both plaintiff and defendant, each of which sought the same relief, with the result indicated.

Beginning with the case of Vaughn v. City of Corbin, 217 Ky. 521, 289 S. W. 1104, we have held in a majority opinion that it was competent for governing city authorities, as well as governing authorities of counties and other municipalities, to issue bonds to fund a floating indebtedness similarly created without a vote of the people. Since the rendition of the opinion in the case of City of Frankfort v. Fuss, 235 Ky. 143, 29 S. W. (2d) 603, that holding has been concurred in without dissent. Our Legislature at its 1932 regular session enacted the statutes supra, prescribing, in substance, that no such issuing of bonds for the purpose indicated will be valid until approved "by a court of competent jurisdiction" after it finds that the proposed bond issue is to pay or discharge an indebtedness of the city or municipality created "within the constitutional limitations" prescribed in section 157 of our present one. See section 186c-6, supra. The following section requires the applicant in his initial pleading (which has heretofore been treated as a peptition) to state that the proposed indebtedness sought to be funded by the issual of the bonds "was created and was within the constitutional limitation of the indebtedness thereof" (the municipality), and imposed upon the municipality the burden to set forth in its pleading and established by proof the validity of each and every item of indebtedness throughout the period in which it was incurred.

The first of our opinions rendered after the enactment of that statute was in the case of Fox v. Boyle County, 245 Ky. 27, 53 S. W. (2d) 192, and the latest one is Coil v. Ham, 260 Ky. 650, 86 S. W. (2d) 529. In each of them and in all intervening ones we have required that the municipality proposing to issue the bonds has the burden to allege and prove such facts;

but that if others, who were made parties to the litigation, preferred the necessary allegation, it would be regarded as sufficient. However, we have steadfastly adhered to the statutory requirement that the municipality had the burden to prove the validity of each item of floating indebtedness.

Involved in that fact (and which we have also declared to be necessary) is the establishment of the further one that the items of floating indebtedness as and when they were created did not exceed the legally provided revenue for the municipality for the year in which it was created, and that for it to be so the contract by which it was created should be made at a time when the indebtedness incurred thereby, plus other expenditures of the city for the year, did not exceed the provided revenue for that year, and which could have been and would have been realized but for delinquence in the collection of the revenues for that year. Such annual accumulations of indebtedness might also arise because of possible and reasonable excess amounts of anticipated calculations of the revenue that would be collected for that year, the latter of which we have uniformly held could be taken into account and upheld when the calculations of the eventual amount that would be collected for the year were bona fide and reasonable and based upon well-founded probabilities.

When the city, or those acting for and on its behalf, in a proceeding under the statute has met such requirements, it then becomes the duty of the court to approve the proposed bond issues otherwise to reject it. The pleadings of plaintiff and those of the city in this case approached nearer to a strict compliance with the statute than any similar case that has heretofore come before us for determination. The same may be said as to the proof introduced for and on behalf of the city. Each item of indebtedness proposed to be refunded by the bond issue was shown to be within the constitutional requirements of section 157 of our Constitution. Likewise, it was alleged and proven that the proposed bonded indebtedness plus prior and outstanding bonds of the city, did not exceed the limits provided for in section 158 of our Constitution. There is yet outstanding and uncollected of delinquent taxes a total amount through the years from 1928 of $26,463.29, much of which it is averred and proven will eventually be col-

lected. The immediate emergency for the issue of the proposed bonds was no doubt precipitated by the judgment for $18,000, and which was chiefly due to defalcations of a former treasurer and does not represent a contractual indebtedness by the city.

Since, therefore, the indebtedness of the character indicated is one which may be funded in the manner indicated, and each item composing it having been proven valid as the statute, supra, requires, we can conceive of no legal objection to the judgment appealed from. In arriving at that conclusion, we have, pursuant to what we interpret to be our duty under the statute, closely scrutinized the record to ascertain if its requirements have been complied with. As a result thereof, we find, as stated, complete compliance therewith in this case, as did also the learned judge of the Clark circuit court.

Wherefore, the judgment is affirmed.