## Jones v. City of Paducah.
(Decided March 27, 1936.)

J. BRANDON PRICE for appellant.

W. V. EATON for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming in part and reversing in part.

Paducah, a city of the second class with a population according to the last federal census of over 33,000, is operating under the commission form of government. In February, 1936, an ordinance was duly and legally adopted by the board of commissioners of the city, authorizing, subject to the approval of the court, the issuance and sale of funding bonds in the aggregate amount of $150,000, the proceeds of which were to be used for the payment and redemption of a valid, floating indebtedness of the city, incurred during the years 1933, 1934, and 1935, and evidenced by notes, judgments, and claims outstanding.

L. M. Jones, a citizen and taxpayer of the city, for and on behalf of himself and all other citizens and taxpayers therein, instituted this action in the McCracken circuit court seeking to enjoin the board of commissioners from issuing or selling the bonds, and asking for a declaration of rights as to whether defendants had the power and authority to issue and sell same, and whether the bonds will constitute a legal and binding obligation upon the city, if and when issued and sold. A certified copy of the ordinances is filed with and made a part of the petition. The petition attacks the validity of the proposed issuance and sale of the bonds on numerous grounds which it is unnecessary to detail, since they will be discussed in disposing of grounds urged for reversal.

By answer the city set forth at length the assessed value of all the property and sources of revenue of the city for the years 1933, 1934, 1935, the prevailing tax rate, and the amount of anticipated revenue for each of the years in question. It also set out the amount of all outstanding indebtedness of the city during the respective years, and filed as an exhibit with and as a

part of its answer, ordinances, schedules, and statistics as bearing out the allegations of the answer. The city took the deposition of the city treasurer, and, in order to avoid further incumbering the record with depositions, it was stipulated and agreed between the parties that the exhibits filed with the answer were correct and might be considered in evidence.

On final hearing the prayer of the petition for an injunction was denied, but in so far as it sought a declaration of rights of the parties was sustained, and it was adjudged that notes owing to banks by the city aggregating $91,500, approved claims and judgments against the city as shown by exhibits filed with the answer aggregating $27,076.47, $3,468.79 interest and penalties collected on taxes due the board of education of the city and which had not been paid over because of litigation but had been used for general operating expenses of the city, and the further sum of $22,600 taxes, interest, and penalties alleged due the board of education of the city, constituted a valid, floating indebtedness of the city incurred and accumulated during the years 1933, 1934, 1935, and same was approved as a valid, fundable, floating indebtedness, and the issuance and sale of bonds as provided in the ordinances to the amount of $144,000 was approved. It was adjudged that when issued and sold in the manner provided in the ordinance the bonds to that amount would constitute a valid and binding obligation of the city. Plaintiff is prosecuting this appeal.

That a valid, floating indebtedness of a city or municipality may be funded is no longer a debatable question in this state. Vaughn v. City of Corbin, 217 Ky. 521, 289 S. W. 1104; City of Frankfort v. Fuss, 235 Ky. 143, 29 S. W. (2d) 603; Hogan v. Lee Fiscal Court, 235 Ky. 100, 29 S. W. (2d) 611; Hall v. Fiscal Court, 239 Ky. 425, 39 S. W. (2d) 656; Pace v. City of Paducah, 241 Ky. 568, 44 S. W. (2d) 574; Bond v. City of Corbin, 241 Ky. 663, 44 S. W. (2d) 576. This much is recognized by counsel for appellant, but question is made concerning the authority of the city to enter into an agreement for the sale of funding bonds proposed to be issued for the purpose of retiring a floating indebtedness in advance of its procuring a judgment of the court approving the issuance of the bonds as provided by chapter 22, Acts of 1932, Kentucky Statutes, section 186c-6, Baldwin's 1933 Supplement et seq. Further

question is made concerning the validity of the item of $22,600 alleged to be due the board of education from the city as referred to in the judgment. It is asserted that although this is apparently a valid demand against the city, it has not been reduced to judgment. Since the enactment of the statute, supra, this court has consistently held that a municipality proposing to issue funding bonds for the redemption or retiring of a floating indebtedness has the burden of proving the validity of every item of such indebtedness. See Fox. v. Boyle County, 245 Ky. 27, 53 S. W. (2d) 192; Coil v. Ham, 260 Ky. 650, 86 S. W. (2d) 529; Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961; Stratton v. Jessamine County, 257 Ky. 302, 77 S. W. (2d) 955; Bartlett v. City of Winchester, 261 Ky. 694, 88 S. W. (2d) 698; Ochs v. Fiscal Court of Spencer County, 261 Ky. 692, 88 S. W. (2d) 700.

Without going into detail, the evidence shows beyond doubt that the city did not, for any of the years in question, incur an indebtedness, including amounts proposed to be funded, in excess of the amount that would have been produced by the assessment at the rate fixed or that might have been fixed by the city; and the floating indebtedness resulted from a failure of anticipated revenue. The evidence further discloses, as is in fact admitted by counsel for appellant, that the entire indebtedness of the city, including that proposed to be funded, at no time during or since the period in question exceeded 10 per cent of the assessed value of taxable property, as shown by assessment for any of the years. Therefore, no violation of either sections 157 or 158 of the Constitution with respect to the limit of the indebtedness that may be incurred is involved.

It is clearly established that the notes were executed to the banks in anticipation of revenues to be collected and the proceeds used for defraying proper and necessary expenses of government; and that the outstanding claims were likewise for such governmental purposes. With the exception of $22,600 alleged to be due the board of education, the chancellor's finding that the amount proposed to be funded is a legally incurred, subsisting indebtedness of the city, is fully sustained by the record. As to all other items, the city has assumed and met the burden of establishing the validity of the indebtedness. According to the evidence of the city treasurer, the records of her office indicate

that the city only owes a very small portion of this amount. On the other hand, counsel for appellant states that this is apparently correct, however, the matter is in litigation and has not been finally determined.

It is apparent, therefore, that the chancellor erred in adjudging the item of $22,600 to be a valid, floating indebtedness against the city for which funding bonds might be issued and sold. We conclude that in all other respects the judgment is correct and should be affirmed. When the amount due the board of education has been determined by judgment of the court, that also may be funded.

Objection that the city made a contract for the sale of the bonds in advance of a judgment as required by the act of 1932, supra, cannot be sustained. The ordinance provided that the issuance and sale of the bonds should be subject to the approval of the court. The statute merely requires the approval of the court in advance of the issuance of the bonds to lend them validity. The same procedure was approved in Martlett v. City of Winchester, supra.

Wherefore, the judgment is affirmed in part and reversed in part, with directions to enter judgment in conformity with this opinion.