## Harrison v. Roberts et al.

### (Decided May 5, 1936.)

J. M. KENNEDY for appellant.

W. C. DABNEY and DUNCAN & DUNCAN for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

On February 4, 1936, Wayne county, by its fiscal court, adopted an order authorizing the county to issue county bonds of the par value of approximately $70,000, bearing interest at the rate of 5½ per cent. per annum, such bonds to be dated March 1, 1936, and maturing serially during the years 1944 to 1966, inclusive, and the proceeds of the bonds to be used for the purpose of funding an outstanding floating indebtedness of the county represented by various county warrants of the face value of approximately $40,000, and accumulated interest in the sum of approximately $30,000 which were issued between the years 1912 to 1935, inclusive.

The appellant, J. P. Harrison, brought this suit in the Wayne circuit court seeking to enjoin the county from issuing the funding bonds upon the grounds that the floating indebtedness proposed to be funded was unlawfully contracted, in that it exceeded the revenue and

income received by Wayne county during each of the years 1912 to 1935, inclusive, when considered together with the other expenditures made by the county during those years.

The county filed its answer denying the allegations of the petition in respect to the invalidity of the bonds and the debt proposed to be funded, and filed therewith a list of all county warrants representing the floating indebtedness to be funded by the issuance of the bonds, showing the date of issue, persons to whom payable, the amount of each warrant, and purpose therefor.

Upon examination of the exhibits for ourselves, we find that the warrants were issued for lawful purposes for which the county was legally obligated to pay. The only other question to be determined is whether or not the county has the right under the Constitution (sections 157 and 158) to issue the funding bonds proposed to be issued by it to pay a valid outstanding floating indebtedness of the county.

The county alleged in its answer, and it is so established by the evidence of the county clerk and custodians of the official records of the county relating to the assessed value of the property of the county and the rates of levies laid each year from 1912 to 1918, inclusive, that the levies made for those years were within the constitutional limitations and that the deficits accruing for each year of that period were a result of delinquencies, exonerations, and other defaults, which accumulated in a sum in excess of the deficits for each of those years. And it is also shown by the proof that if the county had levied the maximum constitutional rate for the years 1918 to 1935, inclusive, and such taxes had been collected, no deficits would have been incurred. All contracts and obligations incurred by the county for each of the years involved were based upon the revenue it had the right to anticipate or might have collected had the maximum constitutional rate been levied and such taxes collected. It is not material that the county may have incurred obligations in excess of the revenues it actually collected, so long as such obligations did not exceed the revenue it had the right to collect for the year for which such obligations were incurred. Elliott v. Fiscal Cout of Pike County, 237 Ky. 797, 36 S. W. (2d) 619.

It is also insisted that out of the anticipated funds for each year the county should provide for the payment of the deficit created in the preceding year. It may be conceded that such method of financing would be commendable; but the county's failure to do so will not render invalid an indebtedness valid when created. Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961.

The further argument is that certain of the obligations and indebtedness of the county proposed to be funded are not authorized by section 1857, Kentucky Statutes.

It has been held in numerous opinions of this court that section 158 of the Constitution is self-executing and that counties, cities, towns, and other taxing districts may issue bonds to fund its valid floating indebtedness. Baker v. Rockcastle County Court, 225 Ky. 99, 7 S. W. (2d) 846; Welch v. City of Nicholasville, 225 Ky. 312, 8 S. W. (2d) 400.

Without further elaboration, it is sufficient to say that the pleadings and proof in this case are in conformity to the rules and principles approved by us in the cases of Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961; Stratton v. Jessamine County, 257 Ky. 302, 303, 77 S. W. (2d) 955; Coil et al. v. Ham et al., 260 Ky. 650, 86 S. W. (2d) 529; Ochs v. Fiscal Court of Spencer County, 261 Ky. 692, 88 S. W. (2d) 700.

It is our conclusion that appellee county has the right to issue the bonds proposed in its order and resolution of February 4, 1936, and apply the proceeds of the sale thereof to the indebtedness of the county indicated in the exhibits filed with the record.

Judgment affirmed.