## Ballard et al. v. Adair County.

(Decided May 26, 1936.)

WM. H. CRUTCHER, Jr., for appellants.
RAY MONTGOMERY, County Attorney, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER
Reversing.

This suit is brought to obtain the validation of bonds in the sum of $74,000, funding the floating indebtedness of Adair county. The chancellor held the proposed issue to be valid.

The petition filed by a citizen and taxpayer against the county sets up a judgment for $75,221.16, recently rendered against the county. It further alleges the provision by the fiscal court for the issuance of bonds in the principal amount of $25,000 to fund warrants issued against the county's road and bridge account, and of $49,000 against the general account, the proceeds of which are to be used to satisfy the judgment. The debt for each of the years 1929 to 1933, inclusive, and on July 1, 1934, is stated. On the latter date, it consisted of $67,000 in road bonds, and $75,221.16 floating debt, represented by the judgment. The assessed value of the property was $3,431,112. The general levy is 50 cents, and the special road bond levy 20 cents on the $100 valuation. It is pleaded that the general indebtedness does not exceed 2 per cent. of the assessment as of July 1, 1935, and therefore is not violative of section 158 of the Constitution. A copy of the record in the suit in which the judgment was rendered on the warrants was filed in this case. Upon the allegations of the petition being controverted of record, evi-

dence was introduced showing the assessments, the outstanding bonds and warrants, and the tax levies for the several years. The income of the county for the current year is estimated at $31,846.19, which is the amount of the budget, including $7,143 for retirement of outstanding warrants and payment of interest and the sinking fund on and for the proposed funding bonds. A statement disclosed cash on hand of $8,779.84 to be applied to the general funding bond issue of $49,000. No explanation is offered or reason given for issuing bonds for the full amount of the judgment when there is that much money in hand with which to pay part of it. The amount of cash in "sales tax fund" set over against the proposed $25,000 of "road and bridge funding bonds" is $38,732.82, or an excess of $13,782.82 over the proposed issue. There is no explanation of this anomaly.

Chapter 22 of the Acts of 1932, now sections 186c-6 and 186c-7 of the Statutes, 1933 Supplement, requires as a condition precedent to issuing bonds to fund a floating debt of a county or municipality that the items making up the indebtedness shall be proven to have been created, and to be within the constitutional limitations. In several recent opinions the court has held the evidence insufficient and outlined what is necessary to prove and how it may be done. Among cases where there was no judgment on the items making up the debt proposed to be funded may be cited: Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961; Stratton v. Jessamine County, 257 Ky. 302, 77 S. W. (2d) 955; Coil v. Ham, 260 Ky. 650, 86 S. W. (2d) 529; Ochs v. Fiscal Court of Spencer County, 261 Ky. 692, 88 S. W. (2d) 700; Bartlett v. City of Winchester, 261 Ky. 694, 88 S. W. (2d) 698; Lee v. Board of Education of Bell County, 261 Ky. 379, 87 S. W. (2d) 961; Jones v. City of Paducah, 263 Ky. 542, 92 S. W. (2d) 811. In other cases there was some sort of judgment covering the debt in whole or in part. In some of them under the peculiar circumstances we held the fact that there was a judgment not sufficient proof of the validity of the debt, and in others that it was. Recent opinions of this class are: Randolph v. Shelby County, 259 Ky. 79, 82 S. W. (2d) 188; Stratton v. Jessamine County, 260 Ky. 754, 86 S. W. (2d) 984; Rose v. Elliott County, 262 Ky. 768, 91 S. W. (2d) 60;

and Shepherd, County Judge, v. Standard Motor Co., 263 Ky. 329, 92 S. W. (2d) 337. See, also, as applicable in the consideration of a county's bonded debt, Whitley County v. Hermann, 263 Ky. 440, 92 S. W. (2d) 797; Geveden, County Treasurer, v. Fiscal Court of Carlisle County, 263 Ky. 465, 92 S. W. (2d) 746.

At the recent regular session of the General Assembly, the Legislature (Chapter 21, Acts 1936) amended and re-enacted section 186c-7 of the Statutes relating to the issuance of county and municipal bonds by adding the following:

"Provided, however, that if and when any judgment is rendered against a county, municipality or taxing district and an action is brought hereunder to refund any indebtedness evidenced by such judgment against a county, city, municipality or other taxing district, a copy of the judgment, pleading and proof in that action shall be made a part of the petition seeking a judgment for the issuance of bonds in conformity with the first judgment, and unless the first judgment purporting to establish such indebtedness, pleadings and evidence clearly establish that the indebtedness of the county, city, municipality or other taxing district does not exceed the constitutional limit provided for in Section one hundred and fifty-eight of the Constitution of Kentucky, the court shall have no jurisdiction to decree the issuance of such bonds, notwithstanding the judgment first evidenced, declaring the indebtedness thereof. No judgment declaring the amount of such indebtedness in such action shall be received as evidence, in any court, unless the pleadings and proof upon which it was entered clearly establish that the indebtedness of the county, city, municipality or other taxing unit as shown by such judgment, does not exceed the constitutional limit of the indebtedness thereof as fixed by Section one hundred and fifty-eight (158) of the Constitution of Kentucky, and this act shall be retroactive and apply to proceedings to fund prior floating indebtedness.

"Because of numerous efforts throughout the Commonwealth to issue bonds and fund floating indebtedness by counties, municipalities and tax-

ing districts now pending and immediately contemplated, and because of the ease and readiness with which judgments against them, attempting to validate such indebtedness, are obtained without the right of the approving court to exercise the jurisdiction herein conferred, an emergency is declared by which this act shall take effect from and after its enactment and approval by the Governor and be given a retroactive effect.

"All acts or parts of acts in conflict herewith are hereby repealed."

The emergency clause reflects the purpose of the amendment. It had been necessary for the court to hold that a judgment regular on its face dispensed with proof of the constitutional validity of the items upon which it had been rendered. The effect had been to permit such a judgment to go by default and thereby evade the provisions of the Constitution and statutes. The amendment provides that the validity of the judgment itself must be established in the suit seeking judicial approval of the bonds proposed to cover it. So now the record in the original suit must be presented to the courts and it must have established by pleading and proof that every item of the obligations of the county or municipality although reduced to judgment are within the constitutional and statutory limitations.

In the case at bar, the record in the original suit is brought to us by reference and adoption, and we now consider it. A petition in ordinary was filed by the First National Bank of Columbia and the bank of Columbia, as joint plaintiffs, against the county and the members of the fiscal court. It set out that the fiscal court had authorized all expenses of the county and issued warrants directed to the treasurer for their payment. Pursuant to this practice, during the years 1929 to 1933, inclusive, and to July 1, 1934, warrants aggregating approximately $200,000 had been issued, all of which but $75,221.16 had been paid. The outstanding warrants had been stamped "interest bearing." An itemized statement of these outstanding warrants, incorporated in the petition, showed that $25,835.42 of them had been charged to the road fund, and $29,385.74 to the general fund. It is alleged that all these warrants were issued for proper county purposes and for

valuable consideration. One of the plaintiffs owned $13,790.16, and the other $3,929 of these warrants. The plaintiffs stated they brought the action as "individuals and as representatives of all other warrant holders, said warrants held by others being identical in nature and having been created by the same process and being alike in all respects except for the amounts and the dates upon which they were issued." It was charged that there was a common and material interest among all warrant holders, who were so numerous as to make it impracticable to bring all of them into the court within reasonable time. The county entered its appearance, filed demurrers and an answer in which the allegations of the petition were confessed. The judgment authorized the maintenance of the suit by plaintiffs as representatives of other warrant holders and adjudged the total outstanding warrants to be valid obligations. It awarded a recovery in favor of the "holders of said warrants in the amount of $75,221.16, with interest from dates when stamped interest bearing * * * but no judgment for any of said warrant holders shall be paid until the original warrant is produced to the proper authority of Adair county for the purpose of cancellation." It appears that no evidence concerning any of the warrants was introduced, and that the judgment went by default.

It is readily apparent that the judgment upon which the judgment in the case at bar rested is the very kind the Legislature had in mind when it enacted the recent amendment. The record manifests a clear evasion of establishing the validity of the obligations proposed to be funded. We think the plaintiff in such a suit is not authorized to represent everybody, known and unknown, who may hold warrants, for their interest may or may not be common, since the obligations represented by some of the warrants may be good and others not. In testing the validity of a proposed bond issue, it would seem that one party plaintiff in establishing the legality of warrants held by him is not confined to proving them alone, but may prove the validity of all others outstanding. Indeed, the holder of a recent warrant might find it necessary to establish that when it was issued the county had not already exceeded the constitutional limitations. In other words, in establishing the v a l i d i t y of outstanding

claims of the county, it is not prerequisite that the holders of all of the warrants be made parties. The essential thing is proof of legality of the debt.

We are of the opinion, therefore, that the requirements of the law are not met in this case, and that the validity of the debts sought to be funded was not established. The judgment is reversed and the case remanded for the purpose of giving the parties an opportunity, if they so desire, of proving the legality of the debts proposed to be funded.

Whole court sitting.