### Hundley v. Board of Education of Mt. Eden Graded Common School Dist.

(Decided June 19, 1936.)

R. F. MATTHEWS for appellant.

WILLIAM H. HAYS for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The Board of Education of the Mt. Eden Graded Common School District, lying in and adjacent to the town of Mt. Eden, and partly in each Spencer and

Shelby counties, Ky., became indebted to the Mt. Eden Bank in various sums of money. In May, 1932, the bank went into liquidation and the state banking commissioner, by its special deputy, P. T. Parsons, brought suit against the school district to recover of it the unpaid balance of the indebtedness of the school district to it in the sum of $3,387.60. At the November, 1935, term of the Spencer circuit court judgment was rendered in favor of the banking commissioner as prayed in the petition in the aggregate sum of $3,419.15, including interest and cost. The school district did not have the money with which to pay the judgment, and thereafter the banking commissioner brought another action in the Spencer circuit court asking for a writ of mandamus against the board of education requiring it to make and collect an increased levy of taxes to pay the judgment.

At the March, 1936, term of the court judgment was rendered in the second action ordering and directing the board of education to levy an additional tax of 50 cents on each $100 worth of property subject to local taxation in the school district and continue to make such additional levy and collect such taxes and apply the proceeds thereof in satisfaction of the judgment debt of the banking commissioner until same was satisfied.

The members of the board of education and the taxpayers of the school district conceived the idea that it would lessen the burden of the taxpayers to fund its judgment indebtedness by the issuance of funding bonds instead of by the extra and additional levy of taxes as required by the judgment of the court; and, in furtherance thereof, the board of education passed a resolution proposing to issue such funding bonds in the sum of $3,400. The proposed bonds are to bear interest at the rate of 5 per cent. per annum, payable annually, and the Shelby County· Trust & Banking Company of Shelbyville was designated as trustee for the purpose of receiving the proceeds of the bonds and interest thereon and applying same to the payment of the judgment. The bonds were to be made in denominations of $100 each, dated May 1, 1936, and due and payable over a period of 12 years from date.

Thereafter appellant filed his petition in equity in the Shelby circuit court against the board of education seeking to enjoin it from carrying into effect the resolution proposing the issuance of such funding bonds, setting out the facts substantially the same as indicated above, and further alleging that the issuance of such bonds, would be unlawful because the district will be obligated for a bonded indebtedness not authorized by a vote of the people therein, and that the indebtedness upon which the judgment of the Spencer circuit court was based would not have been created had the board of education, during the time that said indebtedness accumulated, levied within the limits of the Constitution and Statutes, a larger tax levy than it did so levy.

It appears that the board of education had levied a tax of only 50 cents on each $100 of taxable property in the school district for the years of 1922 and 1923, and since the year 1923, the levy had been 75 cents on each $100 of taxable property, whereas, under the law the district could have levied a maximum rate of $1.25 on each $100 of taxable property.

The board of education filed its answer and the issues were made and the evidence taken and the court refused the relief prayed in the petition and sustained a demurrer thereto, and further adjudged that the defendant, board of education, may lawfully issue the funding bonds proposed in the resolution. For a final determination of the rights of the parties, appellant, plaintiff below, brings this appeal.

The record before us shows that such indebtedness was incurred for legal purposes, and it is conceded by counsel of appellant that the indebtedness incurred for each year plus outstanding indebtedness for the preceding year, or years, was not in excess of the constitutional limitations as provided in section 158. But the argument is that the board of education should have increased its annual levy on the taxable property in the school district within the limitations allowed by law sufficiently to satisfy the judgment indebtedness, instead of funding it by the issuance of the proposed funding bonds. The latter part of section 158 of the Constitution authorizes taxing districts like the one here under consideration to fund a valid out-

standing indebtedness by the issuance of funding bonds. It is a business matter within the discretion of the governing authorities of such district to issue such bonds or pay such indebtedness as may be otherwise provided by law, and the courts have not right to interfere in the exercise of such discretion on the part of taxing districts, so long as they act within the law. The action taken by the board of education and the procedure had, in respect of the pleadings and evidence, seems to be strictly in accordance with sections 186c-6 and 186c-7 of the Kentucky Statutes (Supp. 1933).

The judgment indebtedness proposed to be funded being a valid one, it follows that the board of education has the right to fund such indebtedness by the issuance of funding bonds in the manner proposed. Upon examination of the record, we find that the court below followed the requirements outlined by this court in various like and similar cases. See Ochs v. Fiscal Court of Spencer County, 261 Ky. 692, 88 S. W. (2d) 700; Harrison v. Roberts et al., —— Ky. ——, 94 S. W. (2d) 296; Stratton v. Jessamine County, 257 Ky. 302, 77 S. W. (2d) 955; Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961; Coil v. Ham et al., 260 Ky. 650, 86 S. W. (2d) 529; Bartlett v. City of Winchester et al., 261 Ky. 694, 88 S. W. (2d) 698, 700.

Without further discussion or elaboration, it is sufficient to say that the cases above cited are conclusive of this case.

Judgment affirmed.