## Smith v. Nicholas County.

(Decided Nov. 20, 1936.)

WILLIAM CONLEY for appellant.

FOSTER V. COX for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This action, filed in the Nicholas circuit court and properly brought under sections 186c-6 et seq., of our present statutes, sought to obtain the approval of the court of an effort on the part of the fiscal court of Nicholas county to issue bonds of the county in an aggregate sum of $30,000 from the proceeds of which that amount of floating indebtedness of the county would be funded. It differs in no essential or material respect from many others of like character, filed to accomplish the same general purpose, that have found their way to this court. Some of the many cases in which the sections of the statute were involved are appended in the notes to sections 186c-6 and 186c-7, among the latest of which are, Fox v. Boyle County, 245 Ky. 27, 53 S. W. (2d) 192; Stratton v. Jessamine County, 257 Ky. 302, 77 S. W. (2d) 955; Coil v. Ham, 260 Ky. 650, 86 S. W. (2d) 529; Ochs v. Fiscal.Court, 261 Ky. 692, 88 S. W. (2d) 700; Bartlett v. Winchester, 261 Ky. 694, 88 S. W. (2d) 698, and Rose v. Elliott County, 262 Ky. 768, 91 S. W. (2d) 60.

None of the indebtedness involved in this case was merged in any judgment against the county, but it was both alleged and proven that the accumulated amount started by a deficit in the collection of the levied revenue for the fiscal year 1925-26, and that there was a slight deficit each fiscal year thereafter due to the same cause. Each item of the indebtedness was proven to have been within the limitations of the Constitution, i. e., that if the revenue for the county as levied for each of the fiscal years had been collected the items of indebtedness, together with the sums that were actually collected and spent, would have been within the revenue provided for that year, and that the rate of taxation was within the constitutional limitation. In quite a percentage of past similar cases brought to this court more or less reckless and extravagant expenditures appeared, as well as inefficient and incorrect methods of bookkeeping; but in which we held that compliance with the terms of the statute with reference to necessary allegation and

proof on the part of the county, or of the particular litigant representing it and seeking the validation of the proposed bond issue, were mandatory, and unless complied with, the proposed bond issue would not be approved. The practitioners of this case evidently were aware of such requirements, and they seem to have met them about as completely as any case heretofore brought to our attention. None of the deficits for any of the years appear to have exceeded $4,500, and each and every item of expenditure was completely within the authority of the fiscal court to make.

An itemized list of them is deemed unnecessary, as is also true with reference to incorporating the testimony given by the witnesses in substantiation of the legality of the issue, since there can be no doubt that full conformity with requirements, as heretofore determined by us, has been followed. The court below approved the issue, and no grounds are presented for interfering with its judgment.

Wherefore, for the reasons stated, it is affirmed.