## Harris v. Holt et al.
(Decided Dec. 15, 1936.)

LAWRENCE S. HAIL for appellant.

B. J. BETHURUM for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

There is submitted for the approval of the court a

proposed refunding bond issue of $35,000 by the County Board of Education of Pulaski County. A resolution of the board recites that a floating debt had arisen during the past six years on account of loss in revenue, due to delinquencies and the necessary erection of buildings destroyed by fire. The debt is bearing 6 per cent. and the bonds will bear 5½ per cent. The issue exceeds the annual revenue for the current year, and this is the basis of the attack made in the petition of a taxpayer seeking to enjoin the issuance.

The answer of the board appropriately shows the procedure which had been followed and the status of its financial condition. It is further stated that holders of the outstanding obligations have agreed to reduce their claims in consideration of immediate payment, and that there will be an eventual saving of no less than $6,000 by the sale of the bonds. For each of the respective six years, the answer states in detail the amount of tax bills delivered to the sheriff for collection and the sums reasonably to be anticipated from that and other sources of revenue. It further shows by statements of fact that the amount actually received was less than the aggregate of the tax bills, and that the differences arose on account of exonerations and delinquencies. It is further alleged that for each of those years the budget was prepared, allocating the entire anticipated revenues, and that contracts were entered into accordingly, thus disclosing the deficits for each year. It is alleged that in no year was any contract for the payment of money entered into in excess of the revenues and income accruing to the board. An itemized statement of the outstanding obligations was filed as a part of the answer.

Depositions of the county school superintendent and a public accountant, who had audited the books, were filed. The allegations of the answer were specifically proved. There are $25,000 in bonds of a previous issue outstanding. The budgets of the board, prepared according to the statutes, were put in evidence, and each discloses in detail the allocation of the anticipated revenues to proper and legal purposes. In those budgets substantial sums had been set apart for the payment of debts. The assessed valuations of the property in the county were also disclosed, and suitable levies were requested of the fiscal court. The budgets had been approved by the State Board of Education and the fiscal court, and the latter had made the levies accordingly.

The assessments had decreased year by year, and the delinquencies in collections had increased during the year, which facts seem to have been taken into consideration in the preparation of the budgets. Nevertheless, the deficits continued. There are 147 schools and from 218 to 228 teachers. Four school buildings had burned in the past year and they were only partly covered by insurance. The auditor testified in detail concerning the accounts and financial affairs, including the assessed valuation of the property and the rates of taxation for each year. The rate was 75 cents each year, except for 1933, when it was 70 cents. But the deficit of that year was not as much as the previous one. The budgeted and anticipated receipts for the six-year period not collected amounted to $50,867.88, which indicates that a reasonable allowance was made for possible delinquencies and a falling off in revenue. Had the entire sums been collected, it is apparent there would have been no deficit of $35,000 to be covered by bonds, but a surplus of $15,867.88. The debt limit of 2 per cent. on the assessed valuation is much in excess of the existing and proposed bonds.

The authority of a taxing district to issue bonds to cover a floating debt arising from legal contracts, i. e., contracts made for legal purposes and not in excess of the revenue provided, or which could have been provided, for the year in which made, is well settled. But it is necessary that the provisions of sections 186c-6 and 186c-7 of the Statutes, requiring that the validity of the debts proposed to be funded shall be established and adjudged by a court of competent jurisdiction, must be followed. Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961; Ballard v. Adair County, 264 Ky. 490, 95 S. W. (2d) 18. The case of Lee v. Board of Education of Bell County, 261 Ky. 379, 87 S. W. (2d) 961, presented the validity of a bond issue of a county board of education covering a floating indebtedness which arose in the same way as that presented here, and it was approved. That case is sufficient authority.

It seems to us, as it did to the trial court, that the bond issue is to cover casual deficits which could not have been reasonably anticipated, and its validity was established.

Wherefore, the judgment is affirmed.