## Gardner v. Franklin County.

(Decided May 10, 1938.)

R. L. GARDNER for appellant.

JAMES P. HANRAHAN, County Attorney, E. C. O'REAR and ALLEN PREWITT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES— Affirming.

This is an appeal from a judgment of the Franklin circuit court approving the issue and sale of $50,000 par value of 4 per cent. funding bonds of Franklin county for the purpose of liquidating a like amount of the floating indebtedness of the county. The suit is entirely friendly, and is brought here simply for the purpose of securing our approval of the issue. The proof indicates that the principal part of the deficit resulting in the outstanding indebtedness of the county occurred originally in the year 1930 as a result of the shrinkage in revenues anticipated for that year, together with the extraordinary burden of relief then cast upon the county. It likewise appears that substantially all of the

claims arising during the year 1930 have been paid off from the revenues of succeeding years, but without a substantial reduction in the revolving debt outstanding. It appears that there was also a smaller deficit in 1931 and 1932, but that the debt was materially reduced during the years 1933 and 1934.

In 1935 a deficit occurred as a result of the change made by the Legislature in the fiscal year, which resulted, so far as Franklin county is concerned, in no tax being levied to cover a six months' period. Compare Jefferson County Fiscal Court v. Jefferson County, 257 Ky. 507, 78 S. W. (2d) 324. It appears that it was necessary for the county to borrow during the following fiscal period to meet obligations incurred as a result of this change. From the high point in 1932 of $78,839.17, the debt now stands at slightly in excess of $50,000.

It appears with reasonable certainty that the deficits which have resulted in the creation of the outstanding debt have each been within the limits of the revenue which the county had the right to collect for the year in which the deficit occurred. Harrison v. Roberts, 264 Ky. 62, 94 S. W. (2d) 296. It is asserted that the county would have been able to continue with the orderly reduction of the debt in question had it not been confronted with the necessity of expending a considerable amount to secure rights of way for the construction of the State Highway Bridge across the Kentucky river and also to assimilate the expense of the six months' period resulting from the change in the fiscal year. Whatever the reason may be, this is a matter within the business judgment of the fiscal court, and we are concerned simply with the question of the validity of the debt sought to be funded. The earliest warrants outstanding are dated in 1932, and it is clear that they are valid. So far as that portion of the debt represented by notes is concerned, there is positive testimony to show that these obligations were incurred at a time when the county could lawfully anticipate a sufficient amount of unappropriated revenue to meet them. Under these circumstances, we need prosecute our investigation no further. The right of a county to change the form of an outstanding valid debt from notes and warrants into bonds at a lower rate of interest is settled beyond cavil.

Judgment affirmed.