## Whitworth v. Breckinridge County Board of Education.

Jan. 17, 1939.

A. MURRAY BEARD for appellant.

H. H. LOVETT for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This action was brought to determine the validity of a proposed issue of $45,000 of refunding bonds to be exchanged for an original issue of funding bonds in the principal amount of $35,000, together with $14,087.50, accumulated interest thereon. The circuit court adjudged that the original bonds were issued to fund a valid floating indebtedness of the County Board of Education of Breckinridge county; that the board has a legal right to refund said indebtedness by issuing and exchanging for the bonds now outstanding bonds in the principal amount of $45,000 bearing interest at the rate of 4¾ per centum per annum, payable semiannually; and that said bonds when issued will constitute a legal, valid, and binding obligation of the Breckinridge County Board of Education. The defendant, J. Whitworth, who was permitted to defend the action in his own right and for and in behalf of all other citizens and taxpayers in the county similarly situated, has appealed.

It appears that on August 1, 1929, the floating indebtedness of the County Board of Education amounted to $35,000. This floating indebtedness began to accumulate in 1910 and increased each year until 1929. The deficit each year resulted from delinquencies in school taxes. It was alleged and proved that the County Board of Education spent less than the anticipated revenues, that is, the amount that should have been received from the actual rate levied, but the expenditures exceeded the actual receipts since there was a failure each year to collect all the taxes levied. The proof is sufficient to show that the floating indebtedness of $35,000, which had accumulated in 1929, was valid, and that the bonds issued to fund this indebtedness are also valid. These bonds were issued August 1, 1929, and bore interest at the rate of 5¾ per centum per annum. No interest has been paid since 1931, and the principal amount of the bonds, together with the accumulated interest thereon, amounted to $49,087.50 as of August 1, 1938. The holders of the bonds have agreed to accept in exchange therefor refunding bonds of the Breckinridge County Board of Education in the principal amount of $45,000, bearing interest at the rate of 4¾ per centum per annum, payable semiannually. The original indebtedness represented by the funding bonds issued August 1, 1929, being valid, such indebtedness can be refunded. Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961.

The only argument advanced against the validity of the proposed issue of refunding bonds is that the Board of Education is without authority to include the accumulated interest on the old bonds in the proposed issue. This question was disposed of adversely to appellant's contention in Jones v. Fiscal Court of Fulton County, 275 Ky. 619, 122 S. W. (2d) 510, wherein we said [page 511]:

> "The interest is part of the debt, and just as valid as the principal. If any of the indebtedness is invalid because in violation of section 158 of the Constitution, it is indebtedness created for nongovernmental expenses after the debt limitation had been reached and not valid bonds theretofore issued or interest thereon. The matured interest on the bonds is at least a valid floating indebtedness, and can be funded."

The indebtedness proposed to be refunded is not in excess of any constitutional limitation of indebtedness of the County Board of Education, and, being valid, the proposed issue of refunding bonds will be a valid and binding obligation of the County Board of Education.

It may be said in passing that members of the Boards of Education in office during the years 1910 to 1929 were obviously guilty of bad business practices in permitting the floating indebtedness to accumulate and subsequent boards have been equally delinquent in failing to provide for a sinking fund to retire the bonds issued August 1, 1929, as they mature and to pay the interest thereon. The record before us evinces an honest effort on the part of the present board to straighten out the tangled financial condition which it inherited and an intention to keep its expenditures within its actual revenues in the future. In the order authorizing the issuance of refunding bonds, it has appropriated and set aside the sum of $2,500 out of the school taxes for the fiscal year 1938-39 for the purpose of providing for the payment of interest on and principal of such bonds, and provision is made for inclusion in its annual budgets to be certified to the fiscal court of Breckinridge county of a debt retirement fund to be used exclusively for the purpose of paying the interest on and redeeming the bonds as they mature. A specific sum for each year beginning August 1, 1938, and ending August 1, 1953, when the last bond falls due, is set out, the total being

sufficient to pay off the bonds as they mature. It must be assumed that the present board and its successors will scrupulously observe this commitment, which is a legal duty imposed upon them.

The judgment is affirmed.