## Stratton et al. v. Jessamine County.

(Decided Oct. 18, 1935.)

R. L. BRONAUGH for appellants.

WM. H. CRUTCHER, Jr., for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

The appeal is from a judgment approving a proposed bond issue by Jessamine county in a proceeding brought under the provisions of sections 1 and 2 of chapter 22, Acts 1932, now sections 186c-6 and 186c-7, Kentucky Statutes, 1933 Supplement.

The facts are: On June 28, 1935, judgments were rendered against Jessamine county in the Jessamine circuit court in three different suits brought by the holders of warrants and notes issued by the county. In each case the indebtedness sued on was held to be valid, and the total amount of the judgments was $53,011.69. The judgments have never been appealed from, and are in full force and effect. For the purpose of discharging the indebtedness represented by the judgments, the fiscal court of Jessamine county authorized by appropriate proceedings an issue of funding bonds amounting to $53,000, bearing interest at 5¼ per cent., and maturing at certain times. By appropriate pleadings

and proof it was shown that the total indebtedness of the county, including the judgments in question, was less than 2 per cent. of the value of the taxable property in the county estimated by the assessment next before the last assessment previous to the incurring of the indebtedness. It also appears that the county by appropriate pleadings set forth each and every item of indebtedness created or existing or unpaid and owing by the county during the period of time for which the indebtedness was created, and which the proposed bond or bonds were intended to cover. It was also shown that the officers of the county had had due regard for the finances of the county during the time which said indebtedness was created.

It is at once apparent that the facts of this case bring it within the rule announced in Randolph v. Shelby County, 259 Ky. 79, 82 S. W. (2d) 188, that a judgment against a county from which no appeal has been prosecuted for the full amount of indebtedness sought to be refunded by a bond issue is sufficient to establish the validity of such indebtedness, and to authorize the court's approval of the bond issue in county's subsequent suit for declaration of rights.

Wherefore, the judgment is affirmed.