## Havely et al. v. City of Lexington et al.
(Decided June 9, 1936.)

STROTHER KISER for appellant T. Ward Havely.

J. A. EDGE for appellant Swain and Soard.

WILLIAM A. MINIHAN for appellee City of Lexington.

CHESTER D. ADAMS for appellees Congleton, Thompson, Ades, and McCormick.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The city of Lexington, a municipal corporation of the second class, brought this action under the Declaratory Judgment Act, Civil Code of Practice, sec. 639a—1 et seq., against T. Ward Havely, a citizen and taxpayer of the city, to obtain the court's approval of a proposed bond issue of $80,000 to fund the city's floating indebtedness. Other citizens and taxpayers intervened, and proof was heard as to the validity of the indebtedness proposed to be funded. The court adjudged that the floating indebtedness had been validly created, and that the proposed funding bonds would be valid and binding obligations of the city. The taxpayers have appealed.

Sections 1 and 2 of chapter 22 of the Acts of 1932, now sections 186c-6 and 186c-7, Kentucky Statutes, Baldwin's 1933 Supplement, provided, in substance, that a municipality may not issue or offer to sell any bond or obligation thereof until the issuance thereof has been approved by a court of competent jurisdiction. The effect of the act is to place upon the municipality the burden to show that a proposed bond issue is valid, and the essential thing to be alleged and proved is that the indebtedness for which the bonds are to be issued "was created and was within the constitutional limitation of the indebtedness thereof."

The record before us discloses that the procedure required by the statute has been followed with meticulous care, and the validity of the debt which the city proposes to fund has been clearly established. The indebtedness was incurred during the years 1933, 1934, and 1935, and resulted from a deficit in the anticipated revenues during each of these years. The indebtedness is represented by notes of the city executed to various banks in anticipation of revenues to be received during the year. Less than the maximum rate per-

mitted by law was levied during each year, but if all the taxes had been collected no deficit would have resulted. It was further established that if the maximum rate of taxation had been levied, the revenue that could have been produced by such rate would not have been exceeded.

It has been held that the limitation contained in section 157 of the Constitution on the indebtedness that may be incurred by a municipality during any year only applies when the expenditures exceed the aggregate amount of what the maximum levy allowed by that section would have produced if collected. Pulaski County v. Richardson, 225 Ky. 556, 9 S. W. (2d) 523; City of Providence v. Providence Electric Light Co., 122 Ky. 237, 91 S. W. 664, 28 Ky. Law Rep. 1015.

The validity of the indebtedness proposed to be funded is clearly established by the proof. It follows that the indebtedness being valid, the city may issue funding bonds for an amount sufficient to pay off the indebtedness with the proceeds. Pace v. City of Paducah, 241 Ky. 568, 44 S. W. (2d) 574, Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961. In Hill v. City of Covington, 264 Ky. 618, 95 S. W. (2d) 278, decided June 5, 1936, the precise questions here involved were presented, and it was held that bonds which the city of Covington proposed to issue to fund its floating indebtedness, created in exactly the same manner as was the indebtedness of the city of Lexington, would be valid and binding obligations of the city.

On authority of that case, and the cases therein cited, the judgment is affirmed.