## Stumbo et al. v. Dingus' Adm'x.

(Decided Oct. 20, 1936.)

FORREST D. SHORT for appellants.

HARRY R. BURKE for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

W. A. Dingus served as jailer of Floyd county for a term of four years, beginning the first Monday in January, 1930. During his term of office county warrants were issued to him in excess of $19,000 for his services as jailer, and after his death in 1935 his widow, who had qualified as administratrix of his estate, brought an action against the county to recover the amount of the warrants, together with the accrued interest thereon.

After a demurrer to the petition had been overruled, an answer was filed in which it was alleged, in.

substance, that Floyd county had a floating indebtedness of approximately $200,000, represented by warrants issued by the county, and that all of the indebtedness evidenced by such warrants was a valid and binding obligation of the county; that none of the warrants evidencing such indebtedness exceeded the revenue or income which the county provided, or might have provided, under the Constitution for the year in which the same was issued. It was further alleged that Floyd county was without funds with which to pay the outstanding warrants, including those held by the plaintiff, and that the fiscal court had adopted a resolution proposing to issue and sell sufficient funding bonds of the county to retire all of its valid floating indebtedness. A list of all the outstanding warrants of the county, showing the dates the same were issued and the amounts and persons to whom payable, and an attested copy of the resolution of the fiscal court authorizing the issuance and sale of funding bonds were filed with the answer. An amended answer was later filed setting out in detail the indebtedness of the county, the purposes for which it was incurred, the assessed valuation of property taxable for county purposes for the years during which the indebtedness was created, the anticipated revenues, and total expenditures of the county for each of these years; and the approval of the proposed bond issue was sought. The case was transferred to the equity docket, and thereafter was treated as a proceeding under sections 186c-6 and 186c-7 of the Kentucky Statutes (Supp. 1933), which provide that it shall be unlawful for any fiscal court to issue and offer to sell any bond of the county until the issuance thereof has been approved by a court of competent jurisdiction. These sections place upon the governmental unit seeking to issue bonds the burden of proving the validity of the indebtedness sought to be funded.

An accountant who had audited the books of the county from 1915 to the time of the trial was introduced as a witness, and it was shown by his testimony that most of the indebtedness sought to be funded was created during the years 1930, 1931, 1932, and 1933. The expenditures of the county exceeded its anticipated revenues during only two years. In 1931 the claims allowed by the fiscal court exceeded the anticipated revenue for the year by $1,377.74, and in 1933 there was an excess of expenditures of $3,787.19. It was shown that

none of this excess was included in the indebtedness which was to be paid off out of the proceeds of the proposed bond issue. Each item of the indebtedness was shown. The assessed valuation of property in the county for each year during which the floating indebtedness was created and the amount of revenue anticipated and actually collected were proved. The proof showed that the lack of necessary funds to meet the contracted obligations during these years resulted from the failure to collect the taxes which were due.

The pleadings and proof conform to the requirements of sections 186c-6 and 186c-7 of the Kentucky Stautes (Supp. 1933), as construed in Havely v. City of Lexington, 264 Ky. 737, 95 S. W. (2d) 598; Hill v. City of Covington, 264 Ky. 618, 95 S. W. (2d) 278; Bartlett v. City of Winchester, 261 Ky. 694, 88 S. W. (2d) 698, 700; Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961; and other cases decided since the enactment of those sections.

The chancellor adjudged that the indebtedness concerning which proof was heard, including that of the plaintiff, was valid, and that the issuance of funding bonds to the amount of $200,000 would not be in violation of sections 157 and 158 of the Constitution, and that the bonds, when issued pursuant to the resolution of the fiscal court, would be a valid indebtedness of the county.

Our conclusion being in accord with that of the circuit court, the judgment is affirmed.