## Marcum v. Borders et al.

(Decided Dec. 15, 1936.)

R. L. GARDNER for appellant.

H. H. RAMEY for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The County Board of Education of Magoffin County proposes to issue $23,000 of bonds to refund or liquidate a floating debt.

In answer to a petition questioning the validity of the bond issue, the board of education set up its resolution, its anticipated revenue, and the allocation for the current year; alleged that there were outstanding claims and judgments against it, as shown on an itemized statement filed, of not less than $23,000 which had arisen or been incurred since 1929. It set forth the amount of tax bills delivered to the sheriff and the sums realized thereon. It was alleged that all of such revenues had been "budgeted for necessary outlays for the conduct of the schools during such years," but same could not be paid on account of the loss of that revenue. For some of the fiscal years the amount of anticipated revenue is not shown. Nor is the character or amount of contractual or necessary obligations assumed or expected to be met disclosed. It was alleged that the gross anticipated revenue had been contracted for to pay costs of administering the schools, and in no year did the board make any contract for the payment of money or service in excess of the revenue and income accruing for such year. But facts are not pleaded.

There were filed, as part of the answer, the affidavits of a deputy county court clerk and the cashier of a bank which had been acting as depository and treasurer of the board. The statement of claims, aggregating $23,507.14, shows notes due the Salyersville Na-

tional Bank of $20,600. The affidavit of the cashier states that it had been customary for the board to borrow money from time to time from the bank, in anticipation of its yearly income, in order to meet its budgetary requirements. It states the amount of deficits of each year for seven years, and that the amount owing the bank, principal and interest, was $21,230. The affiant had been "informed and believes to be true" that the board is carrying on open account bills amounting to $2,277.14, making the total floating debt $23,507.14. The affidavit of the deputy county court clerk simply states the amount of delinquencies and exonerations allowed by the fiscal court in the sheriff's settlements, and that the total bonded debt of the county school district is $7,700.

Upon those pleadings and affidavits the court rendered judgment that the proposed bonds are valid.

The statutes provide that it shall be unlawful for any taxing district to issue or offer to sell bonds unless the issuance has been approved by a court of competent jurisdiction, declaring same to cover an indebtedness within the constitutional limitations, and that if such bonds shall be issued otherwise they shall be regarded as void and shall not be assumed or paid by such taxing district. It is further provided that the validity of the debt undertaken to be funded shall be established by pleading and proving that every item of indebtedness during the period of time in which created and for which the proposed bonds are intended to cover is a legal obligation. Sections 186c-6 and 186c-7, Kentucky Statutes. It is now further provided that if there is a judgment included in the indebtedness proposed to be funded, the correctness and validity of that judgment must likewise be established. Section 186c-7, Kentucky Statutes; Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961; Ballard v. Adair County, 264 Ky. 490, 95 S. W. (2d) 18.

This record cannot be held to meet the requirements of the statutes. Nowhere is disclosed the amount of anticipated revenues for each year, the kind and character, or the amount of obligations, the assessed valuations of the property, the levies made, the financial status of the board at the end of each year, or the validity of any judgment. Even if the affidavits may be regarded as evidence, those filed here are palpably insuf-

ficient. The opinions in the case of Lee v. Bell County Board of Education, 261 Ky. 379, 87 S. W. (2d) 961, and Harris v. Holt et al., 266 Ky. 576, 99 S. W. 759, delivered today, outline what is deemed sufficient pleading and proof in cases exactly like the one at bar.

It is therefore necessary that the judgment be reversed; but the parties, if they desire, may amend their pleadings and offer proof as to the legality of the proposed bonds.