## Shearin v. Ballard County.
### (Decided March 16, 1937.)

NOYL B. ROGERS for appellant.

H. H. LOVETT for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Ballard County brought this action in the Ballard circuit court, under the Declaratory Judgment Act (Civil Code of Practice, sec. 639a-1 et seq.), against

John W. Shearin, a citizen and taxpayer of the county, to obtain the court's approval of a proposed bond issue of $47,000, to fund a floating indebtedness aggregating that amount. The judgment of the circuit court approving the proposed bond issue was reversed by this court on the ground that the requirements of sections 186c-6 and 186c-7 of the Kentucky Statutes had not been met, in that the proof failed to show that the debts proposed to be funded were legal or that the bonds, when issued, would be within the limitation prescribed by section 158 of the Constitution. Shearin v. Ballard County, 266 Ky. 806, 100 S. W. (2d) 836. A full statement of the facts will be found in the opinion in that case. Upon the return of the case to the circuit court, additional proof was taken, the case was again submitted, and the court adjudged that the indebtedness proposed to be funded was valid; that the amount of the bonds to be issued to take up the outstanding warrants of the county, when added to the existing bonded indebtedness, would not exceed the constitutional limitation; and that they would be valid and binding obligations of the county. The defendant has appealed.

To meet the criticisms contained in the opinion on the first appeal, evidence was introduced concerning the character of the existing bonded indebtedness of the county, and this showed that the present bonded indebtedness consists of a balance of $125,000 of a $300,000 bond issue authorized by a vote of the people in 1916, and $44,000 of an issue funding a floating debt. The bonds voted in 1916 were for roads and bridges, and were issued under authority of section 157a of the Constitution, and, consequently, the 2 per cent. limitation prescribed by section 158 of the Constitution does not apply to them. The present assessed valuation of the property in the county subject to taxation is $6,-672,054, and the amount of indebtedness which the county may incur under section 158 of the Constitution is $135,241. The proposed bond issue will increase the bonded indebtedness to $91,000, which is within the constitutional limitation. The proof heard on the second trial also showed conclusively that the various items of indebtedness for which warrants were issued during the years 1928 to 1934, inclusive, were valid when incurred, and that the present floating indebtedness of

$47,000 resulted from deficits in the tax collections during these years, ranging from $2,000 to more than $7,000 a year.

Sound business practices on the part of the members of the fiscal court would have required them to anticipate a failure to collect all of the taxes. It is a matter of common knowledge that a 100 per cent. collection of taxes is rare, and that deficits in the revenue are constantly resulting from exonerations, delinquencies, and other defaults. These facts should be considered by fiscal courts when they are creating debts in anticipation of revenues for the year, but their failure to do so does not amount to a lack of "due regard for the finances of the county," as that term is used in section 186c-7 of the Statutes, in view of our repeated holdings that the fiscal court may expend in any year the amount of money which the maximum levy permitted by the Constitution will raise. The full amount of money that can be raised, and not the amount that is actually raised, is the test for determining whether or not the indebtedness incurred during a particular year exceeds the limitation. Havely v. City of Lexington, 264 Ky. 737, 95 S. W. (2d) 598; Harrison v. Roberts, 264 Ky. 62, 94 S. W. (2d) 296; Elliott v. Fiscal Court of Pike County, 237 Ky. 797, 36 S. W. (2d) 619; Hogan v. Lee Fiscal Court, 235 Ky. 100, 29 S. W. (2d) 611; Pulaski County v. Richardson, 225 Ky. 556, 9 S. W. (2d) 523; City of Providence v. Providence Electric Light Co., 122 Ky. 237, 91 S. W. 664, 28 Ky. Law Rep. 1015.

The proof in the instant case conformed to the requirements of sections 186c-6 and 186c-7 of the Statutes, as construed in Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961; Stumbo v. Dingus' Adm'x, 265 Ky. 673, 97 S. W. (2d) 585; Ochs v. Fiscal Court of Spencer County, 261 Ky. 692, 88 S. W. (2d) 700, and other cases therein cited.

The judgment is affirmed.