# Tuggle v. Knox County.
(Decided April 23, 1937.)

K. H. TUGGLE for appellant.
J. LEONARD DAVIS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is an action properly brought in the Knox circuit court, under the provisions of section 186c-6 of Baldwin's 1936 revision of Carroll's Kentucky Statutes, to obtain the approval of the court of a proposed bond issue of Knox County for the purpose of funding its floating indebtedness (now represented by its warrants), amounting to $48,000, and which is composed of annual deficits because of uncollected revenues, commencing with the fiscal year of 1930 and continuing each successive year up to the date of the filing of the action. The character of action is one which has become quite prolific in recent years, whereby alleged deficits in revenue collections by state subdivisional governmental units are sought to be funded in like manner, and which has grown to such an extent as to be a matter of serious public concern. However, we have held in many cases of comparative recent date that, if the indebtedness proposed to be funded by the issuing of bonds were valid when created, there exists no legal impediment in the way of funding the aggregate amount thereof in the manner proposed; provided the limitation of such bonded indebtedness does not exceed the limits contained in section 158 of our Constitution. Those opinions also hold that a debt of such subdivisional governmental units is valid if the amount thereof when created, plus other prior expenditures for the year, either in cash or represented by other warrants, does not exceed the revenue provided for

that year as measured by a good faith effort in estimating the amount of revenue that will be collected under the levies made, with other sources of revenue of the governmental unit for the same year.

Some of the recent cases so holding are: Fox v. Boyle County, 245 Ky. 27, 53 S. W. (2d) 192; Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961; Hill v. City of Covington, 264 Ky. 618, 95 S. W. (2d) 278; Stratton v. Jessamine County, 257 Ky. 302, 77 S. W. (2d) 955; Shearin v. Ballard County, 267 Ky. 737, 103 S. W. (2d) 292, and Smith v. Nicholas County, 266 Ky. 240, 98 S. W. (2d) 942.

The proof in this case uncontradictedly measures up to the requirements contained in those opinions, since each year's deficit, throughout the accumulation of the aggregate and proposed bonded amount, plus other expenditures made, was shown to be within a fair estimate of the amount of revenue that would be collected for the particular year, had not unexpected deficiencies in collections occurred.

The trial court, therefore, properly upheld the right of the county to issue the proposed bond for the purpose indicated, and its judgment is affirmed.