## Marcum v. Borders et al.

(Decided June 4, 1937.)

R. L. GARDNER and EARL R. COOPER for appellant.

H. H. RAMEY for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is an action filed in the Magoffin circuit court pursuant to the provisions of section 186c-6 et seq. to obtain the approval of the court for the issuing of bonds of the board of education for the county to the amount of $25,000 for the purpose of funding that

amount of the board's indebtedness, representing the entire accumulations of excess expenditures over and above revenues actually received for the scholastic years of 1928-1929 up to the present time. The judgment first rendered approving the issue was reversed by us in the case of Marcum v. Borders, 266 Ky. 579, 99 S. W. (2d) 760, because of a failure of both pleadings and proof to establish sufficient facts to authorize the approval. After the filing of the mandate from this court in the trial one, the petition was amended, and sufficient facts were alleged concerning each annual deficit to make it a valid debt when created, thereby curing the defects pointed out in our first opinion. Either before or after filing that amendment (but following the reversal of the first judgment), an auditor was employed and he, with the county school superintendent and other county officers, made a report of the fiscal affairs of the board for each of the involved years, and they testified at the last hearing substantiating their report. It showed that each and every item of indebtedness of each of the annual deficits was validly contracted at the time it was made. In order to develop that fact it was necessary for the witnesses to show that the county board of education had made proper demand upon the fiscal court of the county for an auxiliary levy each year to supplement the state pupil pro rata allotted for public schools, plus any other revenue, available to the board. That proof was made by them and a second judgment was rendered approving the issue. From it the plaintiff, Marcum, a citizen and taxpayer of the county, suing for the benefit of himself and other taxpayers, prosecutes this appeal.

It is clear that he is not opposed to the bond issue. On the contrary, his brief filed on, this appeal clearly shows that he is in complete accord therewith. On April 23, 1937, we rendered our opinion in the case of Tuggle v. Knox County, 268 Ky. 260, 104 S. W. (2d) 954, approving the issue of funding bonds of Knox county to take care of similar accumulated deficits by its expenditures through a series of years. In that opinion we took occasion to say: "The character of action is one which has become quite prolific in recent years, whereby alleged deficits in revenue collections by state's subdivisional governmental units are sought to be funded in like manner, and which has grown to

such an extent as to be a matter of serious public concern.'' In the brief time since rendering that opinion some eight or ten others of like nature have demanded our attention—which goes to show and positively proves laxness somewhere in the management of the fiscal affairs of the subdivisional governmental units of the state through their officers in charge, and which undoubtedly presents a situation calling for corrective measures to be taken in order to curb the ever-recurring funding bond issues to obtain funds to meet such created indebtedness. The primary remedy would be for such fiscal officers to watch with diligent eye the door of their public exchequer and valiantly see to it that the taxes collected from the people, and allotted to them, are spent according to the purposes and directions of the law and within the limits of their authority. However, we said in the Tuggle opinion: ''We have held in many cases of comparative recent date that, if the indebtedness proposed to be funded by the issuing of bonds were valid when created, there exists no legal impediment in the way of funding the aggregate amount thereof in the manner proposed; provided the limitation of such bonded indebtedness does not exceed the limits contained in section 158 of our Constitution.'' Some of the cases we therein cited as approving the latter excerpt are Fox v. Boyle County, 245 Ky. 27, 53 S. W. (2d) 192; Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961; Hill v. City of Covington, 264 Ky. 618, 95 S. W. (2d) 278; Stratton v. Jessamine County, 257 Ky. 302, 77 S. W. (2d) 955; Shearin v. Ballard County, 267 Ky. 737, 103 S. W. (2d) 292, and Smith v. Nicholas County, 266 Ky. 240, 98 S. W. (2d) 942. To the same effect are the later ones of Stumbo v. Dingus' Adm'x, 265 Ky. 673, 97 S. W. (2d) 585; Harris v. Holt, 266 Ky. 576, 99 S. W. (2d) 759; and Meade v. Board of Education of Johnson County, 268 Ky. 71, 103 S. W. (2d) 701.

The original petition in this case sought the issue of bonds only to the extent of $23,000, but between the time of filing it and the filing of the mandate from this court the amount of the deficits had increased to $25,000 and the amended petition averred that the board of education had taken the proper steps to increase the amount of the bond issue to the latter sum, and which is another fact demonstrating the rapid mounting of such deficits that are constantly sought to be funded by

the issuing of bonds of the particular governmental unit creating the indebtedness. However, the proof showed on the last hearing of this case that the requirements of the county board of education in making application to the fiscal court for the levy of taxes for auxiliary funds, as pointed out in the case of Hockensmith v. County Board of Education of Franklin County, 240 Ky. 76, 41 S. W. (2d) 656, were annually complied with. It further showed, in accordance with the amended averments of the amended petition, the amount of each annual assessment of property in the county for ad valorem taxes, together with all other sources of revenue of the county common school district, and that each item of indebtedness sought to be funded was created at a time when the amount of legal and properly anticipated revenues for the year were not exceeded.

Under the opinions supra, the case was thereby brought within the requirements necessary to authorize the issue, and the court did not err in rendering the judgment appealed from. The Magoffin county board of education in this case appears not to have taken into consideration the deficiency of each succeeding year after the first year in making its expenditures and which by our later opinions appear not to be required, yet to have done so would have been a very efficient remedy to prevent the enlarged accumulation, and which course the board might have applied if it had acted with the watchfulness and care hereinbefore pointed out.

Another matter we feel should not be passed without notice: It is that during the first scholastic year involved herein (1928-1929) the board expended $7,321 more than its anticipated revenue, which anticipation was liberal. But it was testified to by the witnesses, and not disputed, that such excess amount was made up of items contracted during that year, but *after* the anticipated revenue had been exhausted, and that the items sought to be funded herein were contracted before that point was reached, thereby rendering those items (and which are the only ones included in the proposed bond issue) legal and valid when created. See the Stumbo Case, supra. That fact, though not a defense against the proposed issue for the reasons stated, is, however, an additional one showing laxity of management of the county board's fiscal affairs, and having

the appearance of the pursuit of a policy that public business is everybody's business and that "everybody's business is nobody's business." It is quite possible that the members of the board of education who permitted and approved that transaction could be made personally liable for the excess expenditure referred to, subject, however, to any legal defense that might be interposed. Furthermore, it is also possible that the persons who received that amount in payment of debts created above the lawful anticipation, after deducting delinquencies, etc., could be called upon through proper action brought for that purpose to restore the amounts paid them for such invalid indebtedness. However, we do not at this time commit ourselves to those propositions, but content ourselves by saying that such remedies might be sustainable from our present outlook.

Nevertheless, for the reasons stated, we find no error in the judgment, and it is affirmed.