## Stratton et al. v. Pike County.

(Decided June 18, 1937.)

P. B. STRATTON for appellants.

G. R. BLACKBURN for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

The fiscal court of Pike County in December, 1936, by appropriate resolution, provided for the issuance of $175,000 of 4½ per cent. bonds, to mature in twenty-

eight years, the proceeds of which were to be used in paying off a floating indebtedness, evidenced by outstanding warrants of the county, drawn against the general expenditure and the road and bridge funds, all bearing 6 per cent. interest.

In order to comply with sections 186c-6 and 186c-7 of Ky. Stats. 1936 Ed., the county filed its petition in the circuit court, making W. E. Stratton defendant, and asking that he be allowed to answer for himself as one, and for all other citizens and taxpayers of the county. A survey of the petition shows that it set up all necessary allegations to constitute a cause, and the answer of defendant, while not denying the facts alleged, raised a question of law, it being alleged that under the facts as pleaded, the county could not legally issue the bonds until there had been favorable expression by the people at an election submitting the question. There is filed with the petition comprehensive audit covering a period from the first part of the year 1931 to December, 1936. This exhibit was on trial followed by explanatory oral testimony.

The testimony of the witness shows that there is an outstanding bonded indebtedness for road and bridge purposes, to the amount of $326,000, seemingly issued without a vote of the people. There is also an outstanding bonded indebtedness of more than $500,000 for roads and bridges, issued in 1922, 1923, and 1924, all having been authorized by a vote of the people of the county. In determining whether the indebtedness exceeds the total authorized by section 158 of the Constitution, the amount of these voted road and bridge purpose bonds were not taken into consideration, because of our decisions holding to that effect. Shearin v. Ballard County, 266 Ky. 806, 100 S. W. (2d) 836; second appeal reported in 267 Ky. 737, 103 S. W. (2d) 292.

The allegations of the petition were in part to the effect that due to delinquencies, county court exonerations, exonerations after contest, discounts allowed, and commissions paid in the years involved, the collection of revenues had fallen off; in other words, had not come up to anticipations for the various years involved. These deficiencies in collections approximated a general average of $30,000 per year for the years involved. Added to this was a loss of something over

$35,000, due to the change of the fiscal accounting period under the 1934 Budget Act (Acts 1934, c. 24), whereby counties were required to meet their obligations for a period of eighteen months, from twelve month's revenue collection, the loss here occurring because the county did not levy to the full amount it might have levied to meet this contingency.

The total of these alleged failures in revenue at the time when the fiscal court acted was $181,209.94. The allegations of the petition with respect of these revenue failures were borne out by the audits exhibited, and, in addition, by proof, the witness taking up each year separately, demonstrating just how the failures occurred, and that but for the failures in revenue, the governmental expenses of the county could have been met in an orderly way, without issuance of 6 per cent. warrants.

On the matter of the legality of the floating indebtedness, the proof sufficiently shows that the debts were legally created, and were within the limits of the constitutional provisions, as applied to each year in which they were created. The general expenditure account carried more than $83,000 of these warrants, the road and bridge fund more than $70,000. Of the $83,000 general expenditure warrants, $64,000 were proven to be due to officers of the county for services rendered, the remainder for other necessary governmental expenses. The $70,000 was shown to have been expended for road and bridge purposes. These items do not total the $175,000 sought to be bonded, but there is added an unquestioned and clearly proven item of approximately $18,000 of interest accrued, on the total of the outstanding warrants. The witness took up each involved year, showing taxable values, levy, amounts certified to the sheriff, and actual collections, likewise the yearly contracted indebtedness, the total of warrants issued each year, and from this demonstrated that such yearly contracts, including warrants issued, while in some of the years exceeding actual receipts, did not at any time exceed anticipated revenues.

There is also included in the alleged and proven indebtedness an item of $16,000, or more, of county warrants of Pike county held in the sinking fund of the county. Whether these warrants of the county were warrants against the general expenditure or the

road and bridge fund is not shown. The indebtedness of the various years were sufficiently proven as to legality at the time created, and to have been within the constitutional limit, to authorize the court to so adjudge, with the exception hereafter noted.

It was shown that the total assessed valuation of property, subject to taxation in the county for the "year next preceding the last assessment before the action was instituted, was $29,337,604." This total is made up from items on the tax commissioner's list, additional lists filed with the county clerk, franchises subject to taxation, and other items of collectible revenue. The total does not appear to include poll taxes. The anticipated revenue upon a 50-cent levy was $273,-215.33.

It was further shown that the total outstanding indebtedness of the county, not including the indebtedness evidenced by the bonds issued for road and bridge purposes under a vote of the people, but including the $326,000 of road and bridge bonds issued without a vote, including also the proposed $175,000 issue, makes the aggregate debt, which is to be considered in applying the limitation imposed by section 158 of the Constitution, $510,000. Two per cent. of the total valuation of taxable property in the county is $586,000.

The court below, upon the pleadings, exhibits, and proof, held that the court was of competent jurisdiction, having jurisdiction of the subject-matter and the parties; that there was an actual controversy existing; and that there had been ample and satisfactory proof adduced to permit the court to pass upon the merits of the case.

However, in concluding as to merits, he found that the proof was only sufficient to show the actual outstanding indebtedness for governmental expenses during the years in question, and for which warrants were outstanding, to be $157,000 rather than $175,000. He reached this conclusion by eliminating from the total of the floating debt attempted to be shown the sum of $16,926.08, represented by Pike County warrants held by the county in its sinking fund. He found the principal sum of legal floating indebtedness to be $140,157.34, and the accrued interest on the warrants to be $16,818.88, thus making a total of $156,976.22,

just a few dollars less than the $157,000, to which amount issuance of bonds was approved by the court. The small difference here exhibited is not of sufficient moment to create a disturbance, and whether or not the court properly eliminated the warrants of the county held in the sinking fund, we need not now say. Evidently appellee finds no fault with the court's ruling, since there has been no move towards the prosecution of a cross-appeal.

After a review of the entire record, we are of the opinion that the proceedings had and the proof adduced were in substantial conformity to the provisions and requirements of section 186a-6 et seq., Ky. Stats. 1936 Ed., as we have construed and applied those sections in Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961; Stumbo v. Dingus' Adm'x, 265 Ky. 673, 97 S. W. (2d) 585; Ochs v. Fiscal Court of Spencer County, 261 Ky. 692, 88 S. W. (2d) 700; Shearin v. Ballard County, supra; Ballard v. Adair County, 268 Ky. 347, 104 S. W. (2d) 1100.

For the reasons above stated, we conclude that the court below properly approved the issue to the extent fixed in his decree. Judgment affirmed.