## Franklin et al. v. City of Dayton.

(Decided June 25, 1937.)

E. ERICK McLEFRESH for appellants.

C. E. GRAHAM for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The board of council of the City of Dayton, a municipality of the fourth class, has adopted an ordinance authorizing the issuance of $35,000 of bonds to fund a floating indebtedness of that amount incurred during the years 1931 to 1936, inclusive. This action was brought pursuant to the requirements of sections 186c-6 and 186c-7 of the Kentucky Statutes to obtain the court's approval of the issuance of the bonds. The circuit court adjudged that the indebtedness which the funding bonds are intended to evidence was lawfully created and is within the constitutional limitations of indebtedness of the city; that each and every item of the indebtedness constitutes a legal, valid, and subsisting obligation of the City of Dayton; and the issuance of the bonds was approved. Sam Franklin, a citizen and taxpayer of the city, who was made a defendant to defend for himself and all other persons similarly situated, has appealed.

The proof shows that the floating indebtedness of the city, which now amounts to $35,000, began to accumulate in 1931 and resulted from tax delinquencies and the failure of the taxing authorities to levy a poll tax. $33,500 of the indebtedness is evidenced by notes of the city executed to the State Bank, Inc. This money

486

was borrowed from the bank in anticipation of the revenues for the year in which the loan was made, and at a time when the unexpended revenues exceeded the amount so borrowed. The notes now held by the bank are, in part, renewals of previous notes similarly executed and partially unpaid, beginning in 1931 and gradually increasing until 1936, and it is shown that at the time each of the notes given in anticipation of revenue was executed it was not in excess of the amount that the city had a right to borrow. The remainder of the indebtedness consisted of a number of items for services and materials furnished the city at a time when the revenues for the year had not been exhausted.

For the purpose of determining the validity of a particular item of indebtedness, a municipality's anticipated revenue includes the amount of revenue that could have been produced had the maximum constitutional rate of taxation been levied. Hill v. City of Covington, 264 Ky. 618, 95 S. W. (2d) 278; Havely v. City of Lexington, 264 Ky. 737, 95 S. W. (2d) 598. The amount of revenue which a poll tax would have yielded, though it is not levied, must be included in the revenue for the year which can be anticipated. Pulaski County v. Richardson, 225 Ky. 556, 9 S. W. (2d) 523.

The total amount of indebtedness of the City of Dayton, including the floating indebtedness proposed to be funded, is $98,913, and the assessed valuation of real and personal property subject to city taxation is $4,685,270. The indebtedness in question therefore does not exceed the limitation prescribed by section 158 of the Constitution. The proof as to the validity of the floating indebtedness meets the requirements of section 186c-7 of the Kentucky Statutes, and the judgment approving the issuance of bonds in the amount of $35,000 is affirmed.