## Field v. City of Catlettsburg et al.

(Decided Oct. 1, 1937.)

JOHN T. DIEDERICH for appellant.

JOE M. SPEARS and HANNAH, VAN SANT & McKENZIE for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

The appellee City of Catlettsburg, the county seat of Boyd county, is classified as a city of the fourth class. On June 11, 1937, concluding that it could not meet outstanding obligations of $32,675.25 net, it duly ordained issuance of bonds to meet this indebtedness. The proposed issue was to be retired over a period of twenty

years in fixed maturities, and was to bear 4½ per cent. annual interest. The existing indebtedness of the city, evidenced by warrants, notes, and two valid judgments, carried interest at 6 per cent.

Upon the passage of the ordinance, appellant, a citizen and taxpayer of Catlettsburg, suing in his own behalf and on behalf of all other taxpayers, sought by appropriate action to enjoin appellee from issuing the proposed bonds, because as alleged, the order directing their issuance was in conflct with provisions of our Constitution, and the laws relating to the conduct of fiscal affairs of cities of the fourth class. It was contended, as has been in similar cases, that the issue could not be directed as planned, since it would result in the creation of a debt in excess of the revenues for the particular year, which it was said could only be legalized by a vote of those directly affected.

By an answer on the part of the city, such facts were alleged as brought the issue directly in close conformity with the requirements of sections 186c-6 and 186c-7, of the current Kentucky Statutes, by alleging in detail the character, amount, and dates of the various items composing the aggregate indebtedness, pleading in addition two unsatisfied valid judgments against the city, to which reference is later made. It was also shown that there was a deficiency in revenues, due to failures in collections of anticipated revenue, amounting to approximately $33,000, at the time of the passage of the ordinance authorizing the bond issue. This deficiency occurred in each year, beginning with 1926 and continuing up to 1932. It was also pleaded that for each of the years in question no debt was contracted for or any warrant issued in excess of the revenue "provided" for that particular year, under our decisions construing the words "provided for that year." Vaughn v. City of Corbin, 217 Ky. 521, 289 S. W. 1104; Baker v. Rockcastle County, 225 Ky. 99, 7 S. W. (2d) 846, and numerous cases following these. What is said with relation to "living within its income" is true as to each year, except the year 1927 when the city contracted for $726.40 more than the revenue "provided" for that year. However, it appears from the record (audit, exhibit, and proof) that this excess was not included in the total of the issue.

Sufficient proof was produced by appellees to bear out fully the allegations of its answer. The facts above

stated were clearly shown, the witnesses taking up each year and showing the tax levy, the assessment, the assessible value of taxable property; in exact figures the amount of revenue expected, and the revenues actually collected. This proof necessarily demonstrated the deficiency for each year, and for the total period. Copies of bona fide judgments were introduced showing that there had been actual trials and judgments rendered in the Boyd circuit court against the city in the Fabric Hose and Davis cases, both of which were reviewed in this court. City of Catlettsburg v. Fabric Fire Hose Co., 264 Ky. 594, 95 S. W. (2d) 285; City of Catlettsburg v. Davis' Adm'r, 255 Ky. 382, 74 S. W. (2d) 341; Id., 262 Ky. 726, 91 S. W. (2d) 56.

It was proven that the total assessed value of property of the city for the year 1936 was $2,980,609; that there were outstanding bonds voted by the citizens of $45,000, with $4,628 in the sinking fund to meet retirements; further that with the $31,000 indebtedness sought to be bonded, the total outstanding indebtedness of the city would be approximately $71,372. Thus by a simple calculation it appears that the total amount of indebtedness as above set out would not be in excess of the inhibitions of sections 157 or 158 of the Constitution. It was also satisfactorily shown that the fiscal officers of the city had demonstrated due regard for the financial interests of the city.

Upon a submission of the cause the court found the facts above stated to have been so proven as to meet the requirements of the sections of the statute, supra, and not violative of the sections of the Constitution, supra. The motion for injunction was denied, and the court adjudged the proposed issue of bonds to be regular and legal in every respect, and, upon review of the record before us, we concur with the lower court, since the procedure here carried out was in conformity to the statutes as construed in numerous recent decisions of this court, and there is no apparent violation of the Constitution or applicable laws. A few cases in point are: Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961; Ochs v. Spencer County, 261 Ky. 692, 88 S. W. (2d) 700; Shearin v. Ballard County, 267 Ky. 737, 103 S. W. (2d) 292, 293; Pace v. Paducah, 241 Ky. 568, 44 S. W. (2d) 574, 576; Tuggle v. Knox County, 268 Ky. 260, 104 S. W. (2d) 954.

Judgment affirmed.