### Booth v. City of Carrollton.

(Decided Feb. 22, 1938.)

J. H. NEWMAN for appellant.

R. L. HARDIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—
Affirming.

This is an appeal from a judgment of the Carroll circuit court approving the issue of 4½ per cent. funding bonds, in the principal amount of $23,000, to pay a floating indebtedness of the City of Carrollton. It is not disputed but that the debt created was at the time of its creation within the limits prescribed by the Constitution, sections 157, 158, as heretofore construed, and particularly within the revenues anticipated and provided for each year from 1930 to 1937. To the extent of $10,416.46 the debt represents an obligation to the Kentucky Light & Power Company for lighting the streets, and $6,156.06 is due to the American La France Foamites Industries for the lease of a fire truck. The total principal indebtedness of $21,595 represents expenditures of $5,022.48 over and above the two items mentioned. In the itemized list of the indebtedness outstanding, it appears that this item is made up of small expenditures for streets, sewers, fire department, and various other governmental expenses. The remainder of the amount represented in the proposed issue is interest on the obligations outstanding.

It is argued for appellant that the city cannot incur an indebtedness in excess of its actual receipts for the current year, and also that no right exists to fund the floating indebtedness of a city in the manner here sought to be pursued, even though the indebtedness is valid.

It appears from the record before us that at the time when the principal items of indebtedness were created they, "together with other binding obligations theretofore incurred, including necessary governmental expense, did not exceed the revenue and income which the municipality provided, or might have provided, under the Constitution." Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961, 963; Field v. City of Catlettsburg, 270 Ky. 25, 108 S. W. (2d) 1017. They are therefore valid.

Appellant's second question, namely, May a valid floating indebtedness be funded? has been repeatedly

and thoroughly considered by this court on numerous occasions and consistently determined contrary to the theory which appellant advances. City of Frankfort v. Fuss, 235 Ky. 143, 29 S. W. (2d) 603; Hogan v. Lee Fiscal Court 235 Ky. 100, 29 S. W. (2d) 611; Baker v. Rockcastle County Court, 225 Ky. 99, 7 S. W. (2d) 846; Field v. City of Catlettsburg, supra. It follows that the judgment of the chancellor is correct.

Judgment affirmed.