## Rowan County Board of Education v. Citizens Bank et al.

June 23, 1939.

Robert R. Friend, Special Judge.

H. H. Lovett for appellant.

Lester Hogge for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The suit tests the validity of a proposed bond issue of the Rowan County Board of Education in the sum of $62,500. The record is exceptionally complete and the case fairly and well prepared. The judgment and opinion of the special judge, approving the issue and substantially the entire object sought to be accomplished, shows a careful consideration was given the case.

No indebtedness has been incurred by the Board of Education since the school year 1933-34, and that which exists was not created by the present members. With a very large accumulation of interest, the debt aggregates $80,892.63, and all of it is bearing 6% interest. Under an arrangement made with the purchaser of the bonds (accomplished before the decision of Eagle v. City of Corbin, 275 Ky. 808, 122 S. W. (2d) 798), it will accept the issue of $62,500 of bonds bearing 4½%, and satisfy the entire indebtedness of the Board or so much thereof as may be declared to be legal and binding obligations of the Board.

In 1929 the Board issued $25,000 of bonds, funding its floating debt. No interest was paid thereon after April 1, 1931, and no part of the principal was ever paid. On October 5, 1936, the holder of the bonds recovered judgment in the United States District Court for $4,000, the amount of matured bonds, and the accumulated interest on the entire issue, the aggregate judgment being for $13,356.70. It has never been satisfied. There are in addition a number of other unsatisfied judgments recovered against the Board in the past few years in the United States District Court and the Rowan Circuit Court. Regarding the judgment on the bonds as being in effect a judgment that the entire issue of $25,000 is valid, and including all of it ($32,000), the aggregate of all judgments against the Board with accrued interest as of April 1, 1939, is $63,436. Copies of all pleadings, exhibits, evidence and judgments were duly proved by the clerks of the courts in which they were respectively filed and rendered. Thus it is made to appear satisfactorily that there are outstanding and unpaid judgments, bona fide obtained, for approximately $1,000 more than the proposed bond issue of $62,500. Where the regularity and bona fides of a judgment are established in the suit testing proposed bonds, the court

will not go behind them or make inquiry concerning their validity. Stratton v. Jessamine County, 260 Ky. 754, 86 S. W. (2d) 984.

The court was also called on to pass upon the validity of the floating debt which, as stated, is to be included in the funding of the entire indebtedness of the Board as above stated. The Board of Education assumed the burden of establishing the validity of this floating debt, as well as the judgments and the matured and unmatured bonds of its former issue, according to the manner and demands established by our various opinions in cases of this kind. The special judge gave meticulous consideration of the many items and circumstances and conditions for and under which the unpaid warrants were issued. See Rose v. Elliott County, 262 Ky. 768, 91 S. W. (2d) 60. With a few minor exceptions, he found them to be valid for the purpose of refunding—the total being $17,456.13. We are of the opinion that this conclusion is correct. It will be understood, as it has been in similar cases of this character, that the judgment in this regard would not be res adjudicata in any action between the Board of Education and the owners of the evidences of debt, except the Citizens Bank of Morehead, which is the only creditor made a party to the suit. Cf. Hogan v. Lee Fiscal Court, 235 Ky. 100, 29 S. W. (2d) 611.

There are outstanding bonds of two consolidated school districts of Rowan County which were authorized by a vote of the people and which are being taken care of by special taxes. Even if such bonds should be regarded as a liability of the County Board of Education, they are not to be considered in determining whether the contemplated increase in the bonded indebtedness is within the constitutional limitations. Constitution, Section 158. Stratton v. Pike County, 269 Ky. 273, 106 S. W. (2d) 1014. The assessed valuation of the property taxable for the support of the County Board of Education when the bonds are sold determines the constitutional limitation of the debt, but that value is presumed to be the same as the last complete and final assessment. Gillis v. Anderson, 256 Ky. 472, 76 S. W. (2d) 279. As thus measured, the proposed issue of $62,500.00 is within the limit of the Board's authority.

Wherefore the judgment is affirmed.

Whole court sitting.