**H. C. CRAMER, Appellant,**

v.

**CITY OF CATLETTSBURG, Kentucky, et al., Appellees.**

Court of Appeals of Kentucky.

March 29, 1957.

John L. Smith, Catlettsburg, for appellant.

James E. Adkins, Catlettsburg, for appellees.

WADDILL, Commissioner.

The City of Catlettsburg, a city of the ·fourth class, has a floating outstanding indebtedness in the sum of $32,191.26 bearing interest at the rate of six per cent. On January 7, 1957, the city council enacted an ordinance authorizing the payment of part of this indebtedness out of current revenues and the balance by the sale of $27,000 in refunding bonds bearing interest not in excess of five per cent per annum, maturing at a rate of $1,000 annually over the years 1958 to 1985 inclusive.

The appellant, a citizen and taxpayer of Catlettsburg, brought this suit seeking to enjoin the appellee city from issuing the bonds on the ground that their issuance would result in the creation of a debt in excess of revenue for the current year. Sections 157 and 158 of the Kentucky Constitution.

The city's answer and proof conformed with the requirements of KRS 66.220. The pleadings set forth each year's anticipated revenue and the amount expended for each year. It was shown that, due to failure in collecting anticipated revenue for the years 1951 through 1956, a valid indebtedness had accrued in the amount of $32,191.26. In

none of the years involved did the expenditures exceed the anticipated revenue. See, section 157, Kentucky Constitution.

The record reveals that the total assessed valuation of taxable property of the city was $4,025,508.50 and that the total outstanding indebtedness including the proposed bond issue was $191,334.15. Thus, the total amount of indebtedness would not be in excess of that allowed by section 158 of our Constitution. It was also shown that the fiscal officers of the city had demonstrated due regard for the financial interests of the city as required by KRS 66.220.

The circuit court denied the injunction and found the proposed bond issue to be valid in every respect. Under the record the adjudication made by the circuit court appears to be correct. See, Booth v. City of Carrollton, 272 Ky. 250, 114 S.W.2d 93; and Field v. City of Catlettsburg, 270 Ky. 25, 108 S.W.2d 1017.

Judgment affirmed.